GERMANY, JOHN, Associate Judge.
This is an appeal from a Final Judgment entered on a jury verdict. Appellee, Farmland Development Company, Inc., Plaintiff below, filed a complaint against Appellant, Talisman Sugar Corporation. The parties will be referred to hereafter as they were in the lower court. The complaint alleged an oral construction contract by which Plaintiff was to excavate, clear and prepare certain lands leased by Defendant, for the planting of sugar cane, the work to be completed on or before March 1, 1962. Plaintiff further alleged that work was commenced under the contract on September 1, 1961, and that the Defendant terminated the contract without just cause by notifying the Plaintiff on September 9, 1961, to stop work effective September 11, 1961. As a result of the alleged breach, Plaintiff claimed damages consisting of anticipated profits in the sum in excess of $200,000.00. The Defendant denied the oral contract and that the Plaintiff sustained any damages. The jury returned a verdict for the Plaintiff in the sum of $75,000.00.
Defendant urges four points on appeal which can be telescoped as follows:
, 1. Did Plaintiff introduce sufficient evidence to justify the Court in sending the cause to the jury and as a corollary, was there evidence upon which a jury could base its verdict ?
2. Was there error in the Court’s refusal to allow the Defendant to introduce into evidence actual costs incurred in performing the work?
The standard of proof required for a Plaintiff in an action for anticipated profits for breach of a contract was set up in the Court’s syllabus in the case of Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890).
“Where, pending the performance of an executory contract, there is an entire breach of it by one party, for whom the work is to be done, and the other party thereupon sues him, the measure of damages is the difference between what it would have cost to perform the contract, and the contract price, had it been entirely executed. In estimating the cost of performance, the price of labor and materials, etc., at the time of the breach will govern, without regard to subsequent fluctuations. The elements of cost should be ascertained from reliable sources, from practical men having experience in matters of the same kind, and not from loose and speculative opinions. The less time the party who is to do the work is engaged in consequence of the breach, and the consequent release from care, trouble, risk, and responsibility, and all necessary items of expense, including also those which, though contingent, are almost inseparable from the performance of the contract, as well as the value of the use of property necessarily employed in performing the contract, and all outlays of capital for labor, material, etc., should be included in the estimate of the cost.”
To meet this standard, Plaintiff introduced into evidence the testimony of its *394 President, Richard Crocco. He testified as to the contract between the parties, its terms, breach and the damages the Plaintiff sustained. The estimate of costs to Plaintiff was broken down by acre for disking, chopping, clearing and mole draining 13,000 acres of land. Sheets of these cost estimates were introduced by Plaintiff without objection and copies were furnished to the jury during the testimony of Crocco. On cross-examination, it was brought out that the cost sheets included Plaintiff’s overhead. For tlie first time, on cross-examination, there was injected in the case by counsel for the Defendant, the question of the cost and contract price of the work that was actually done by a third party. Proper objection was made by Plaintiff’s counsel. But subsequent to this objection, there followed a colloquy between counsel and the Court, in which Plaintiff’s counsel stated that he was going to submit his case to the jury on two theories: (1) Plaintiff’s estimate of cost to do the 13,000 acres or (2), the actual cost of a third person to do the 11,000 acres that was done. However, at no time did Plaintiff introduce evidence as to the cost of a third person for the work actually done.
Upon the presentation of Defendant’s case, he sought to introduce testimony of the actual cost of the work done by a third party subsequent to the breach. Objection was made and the Court sustained the objection. The law is in agreement with the Court’s ruling.
The Idaho Supreme Court in the case of Molyneux v. Twin Falls Canal Company, 54 Idaho 619, 35 P.2d 651 on page 659, 94 A.L.R. 1264 (1934), when presented with a similar problem of what proof is admissible to show anticipated profits said:
“In determining the amount of profit we must consider the cost to respondent, and not what it might have cost some one else using different methods. * * *
“Elements of cost which a claimant for lost profits is required to prove must necessarily depend largely upon the particular facts in each case, bearing in mind that the court is concerned with claimant’s costs and not with what it might have cost someone else.”
To the same effect is the Restatement of the Law of Contracts, Chapter 12, Sec. 346, (g) and “Corbin on Contracts,” Vol. 5, Pocket Part, Sec. 1094, page 65.
However, with respect to defendant’s contention that the court should have allowed it to introduce testimony to show the actual costs incurred in performance of the work by the contractor who did it, the trial court, in rejecting such testimony, commented:
“I am inclined to think that by reason of some very substantial basic differences in the work that was performed by these parties and the basic difference of positions of the parties with regard to the material and equipment, and some of these other matters, it might be not only not helpful, but misleading.”
Notwithstanding this, the trial judge did permit defendant to use the witness:
“ * * * as an expert now with regard to the reasonable cost of a reasonable contractor or reasonably prudent contractor in performing the plaintiff’s contract.”
As a predicate for his testimony, the witness specified the total amounts of acreage covered, excavation and other kinds of work his company had performed; then based upon his past experience and opinion, he gave his estimate of total cost to a contractor using reasonable care and diligence in performing the work comprehended by the contract between defendant and plaintiff. He was interrogated both on cross and redirect examination as to the bases utilized by him in arriving at his cost estmate. Further, even though the trial judge had ruled that the contracting party who did the work could not state what the actual costs were to such third party, in the testimony *395 of this witness, that aggregate figure was brought out.
The complete record has been examined and there is ample support to sustain the trial court in sending the case to the jury and for the jury award. The appellant, having shown no error, the cause is affirmed.
SMITH, C. J., and KANNER, J., concur.