MANN, Judge.
A broker renders a useful service in bringing buyer and seller together and is entitled to compensation when he has earned it. But when has he earned it? This vexing question recurs.
Appellant agreed to find a purchaser for appellee’s land'and appellee agreed to pay a commission. A contract was signed in which it is stated that “ * * * seller agrees to * * * pay * * * the commission to the Broker, Walter S. Hardin Realty Co., Inc., for making this sale.”
The parties obviously intended that the transaction would be completed, but the purchaser’s attorney found such a serious defect in title as to frustrate the closing.
*309 Appellant’s counsel argued below that his client had procured a purchaser “ready, willing and able” to purchase the property. This phrase more properly applies to the situation in which the broker finds a buyer but the seller refuses to execute a contract. See MacGregor v. Hosack, 58 So.2d 513 (Fla.1952). In the instant case the negotiations eventuated in a contract. It is well settled that the broker is entitled to his commission when the parties have entered a binding contract. Is this contract binding? Yes, in the sense in which that word is used in these cases. Had the sellers been able to cure the defects the buyer would have been bound. Had the buyer been willing to accept the title the sellers were bound to convey. And the contract is binding as between the seller and broker unless the broker had notice of defects which would preclude consummation of the sale. Zide v. Zenchenko, 101 So.2d 64 (Fla.App.1958).
In this case the trial court indicated that the broker’s knowledge that probate proceedings would be needed to authorize sale of a deceased co-owner’s interest was such notice of a defect as to defeat his right to a commission. But it was not the simple necessity of probate which frustrated the closing of this sale. It was a break in the chain of title which the seller apparently could not cure within the period allowed, if at all. Furthermore, it would be unsound policy to hold a broker’s right defeated by proof that the interest to be conveyed must clear probate. If this were the law brokers would be reluctant to undertake the sale of property of estates, when in fact it is the death of a property owner which often makes a sale necessary. Our law makes it possible to convey the interest of deceased persons’ estates within a reasonable time on reasonable terms, and the services of brokers are wisely utilized to move property into the hands of the living.
It may well be that the appellee can prove, on remand, that the appellant knew or should have known of the defects which spoiled the sale. If this be the case, the appellant cannot recover. As the matter stands at the close of the plaintiff’s case, it has a right to a commission, based on the procurement of a binding contract, defeasible upon proof of knowledge or reasonable grounds for knowledge that the title was not marketable. The pleadings as they stand are imperfect, but the issue has been raised and the appellee ought to be allowed to plead this affirmative defense.
Reversed and remanded for further proceedings not inconsistent with this opinion.
LILES, C. J., and HOBSON, J., concur.