224 So.2d 786 (1969)
COUNTY OF BREVARD, Florida, Appellant,
v.
INTERSTATE ENGINEERING COMPANY, Inc., a Florida Corporation, Appellee.
Nos. 1555, 1556.
District Court of Appeal of Florida. Fourth District.
July 22, 1969.
*787 Robert T. Westman, of Stromire, Westman & McCauley, Cocoa, for appellant.
T.G. LaGrone, of Driscoll, Baugh & LaGrone, Orlando, for appellee.
ANDERSON, ALLEN C., Associate Judge.
In the trial court plaintiff brought two suits against the defendant county alleging the breach of two contracts for engineering services. The cases were consolidated for trial and verdicts for the plaintiff were returned by the jury.
The county initially urges reversal on the ground that the trial court did not require the plaintiff to plead and prove compliance with Section 95.08, F.S. 1967, F.S.A. This statute reads:
"Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented."
The trial court held, and we agree, that the filing and service of the complaint within the one year period is sufficient notice to meet the requirements of the statute. See Webb v. Hillsborough County, 1937, 128 Fla. 471, 175 So. 874, which sets forth the purpose of the statute. We have also considered Dement v. Dekalb County, 1896, 97 Ga. 733, 25 S.E. 382.
The next point which appellee raises is the trial court's refusal to permit the introduction of the testimony of an expert witness called on behalf of defendant.
The record discloses the entry of an order scheduling a pre-trial conference. Among other things this order required:
"2. Plaintiff and Defendant shall at least ten (10) days prior to said pre-trial conference furnish to the trial judge and serve a copy thereof on opposing counsel, the following:
"* * *
"(d) A complete list of witnesses to be used in trial, which may be reopened for good cause and upon immediate notice to opposing counsel."
In response to the order the defendant filed a pre-trial statement. The portion of the pre-trial statement intended to comply with requirement (d) listed witnesses in this manner:
"All persons named by Plaintiff.
"All Brevard County Commissioners.
"All personnel of County Engineer's Department.
"One or more employees of Brevard County Finance Department.
"Clerk of Circuit Court and one or more deputies.
"One or more engineers registered in the State of Florida.
"One or more representatives of municipal bonding companies.
"One or more representatives of a firm experienced in traffic and earnings studies."
I can't help but insert the observation that this type of witness list is about as effective for pre-trial conference purposes as a list which states simply, a large number of people from within and without the State of Florida.
The case was scheduled for trial during the weeks of February 20th and 27th.
A supplemental witness list and amendment to pre-trial statement was filed and a copy served on opposing counsel on February 15th. This list contained specific names except for one designee which read, "One registered professional civil engineer whose name will be furnished to plaintiff as soon as it is ascertained by Defendant."
Thereafter, by mail on February 23rd a Supplemental Witness List was mailed by the defense to opposing counsel. It listed Carl H. Peterson, the witness whose testimony was ultimately excluded.
*788 The trial began on February 28. Carl H. Peterson was called to testify on March 3rd. Objection was made to his testimony on the basis that his name was not submitted within the time required and no good cause was shown for the delay in submitting his name. The court sustained the objection.
It is obvious we are reviewing a ruling which was well within the trial judge's discretion. It is obvious, with no need to cite authorities, this type ruling cannot be disturbed unless it is clearly demonstrated that he abused his discretion to the prejudice of the defendant.
The appellant has not demonstrated a prejudicial abuse of discretion.
We have not overlooked the thrust of the argument that the witness was an expert and as such not subject to the wide area of discovery procedures to which other types of witnesses are exposed. Or that as an expert his testimony could not surprise the plaintiff. Notwithstanding the status of the witness as an expert nor the lack of surprise the trial court has the inherent authority to insist upon compliance with any reasonably imposed pre-trial requirements designed to expedite the trial of litigated matters.
The remaining two points hinge upon the question of whether or not the jury should have been permitted to consider loss of anticipated profits as an element of damages.
Appellant complains that the testimony produced on this element was incompetent. With this we disagree. Testimony of a registered engineer was produced along with testimony of plaintiff's accountant. We find nothing wrong with its competency.
In addition appellant urges that this is not a case where evidence of loss of anticipated profits should go to the jury because future damages are too speculative because the county had no legislative authority to construct the proposed improvements nor was it required by the contracts to proceed with the proposed construction.
Both parties have argued from the case Talisman Sugar Corporation v. Farmland Development Company, Fla.App. 1963, 156 So.2d 392. A portion of that decision reads:
"The standard of proof required for a Plaintiff in an action for anticipated profits for breach of a contract was set up in the Court's syllabus in the case of Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890).
`Where, pending the performance of an executory contract, there is an entire breach of it by one party, for whom the work is to be done, and the other party thereupon sues him, the measure of damages is the difference between what it would have cost to perform the contract, and the contract price, had it been entirely executed. In estimating the cost of performance, the price of labor and materials, etc., at the time of the breach will govern, without regard to subsequent fluctuations. The elements of cost should be ascertained from reliable sources, from practical men having experience in matters of the same kind, and not from loose and speculative opinions. The less time the party who is to do the work is engaged in consequence of the breach, and the consequent release from care, trouble, risk and responsibility, and all necessary items of expense, including also those which, though contingent, are almost inseparable from the performance of the contract, as well as the value of the use of property necessarily employed in performing the contract, and all outlays of capital for labor, material, etc., should be included in the estimate of the cost.'"
This measure of damages is the measure applied in this case. We feel it is the proper measure and the trial court properly utilized it in his instructions to the jury.
*789 Appellee's contention that the trial court should have assessed costs against the appellant is denied on the authority of Corneal v. State Plant Board, Fla. 1958, 101 So.2d 371, 72 A.L.R.2d 1376.
Affirmed.
CROSS, C.J., and OWEN, J., concur.