240 So.2d 85 (1970)
James W. GREEN D/B/a Green Realty, Appellant,
v.
Blanche R. SHOOP, Appellee.
No. 69-649.
District Court of Appeal of Florida, Third District.
October 20, 1970.
James F. Pollack, Miami, for appellant.
M.S. Marlin, Miami, for appellee.
Before CHARLES CARROLL, and SWANN, JJ., and SPECTOR, SAMUEL, Associate Judge.
*86 SPECTOR, SAMUEL, Associate Judge.
Plaintiff in an action for a real estate brokerage commission seeks reversal of an adverse directed verdict entered at the close of plaintiff's case in a nonjury trial.
Appellant, a licensed real estate broker, entered into a standard listing agreement with appellee on September 14, 1968, whereunder the latter agreed to pay appellant a fee of $1,387.50 for finding a purchaser for appellee's property at a selling price of $18,500.00 with a $3,500 down payment with the seller taking back a mortgage for the balance. A few days later appellant found a customer for appellee's property, a Mr. Louis Accornero, who executed a standard deposit receipt contract used by the Miami Board of Realtors, at which time an initial deposit of $200.00 was paid to the appellant broker. Subsequently a later deposit of $800.00 as required by the deposit receipt contract was made. The appellee signified her agreement to the terms of the deposit receipt contract by executing the same.
At the trial, the appellant testified the transaction was not closed because of appellee's failure to agree to a closing notwithstanding numerous efforts on his part to effect a closing. Finally, appellant wrote to appellee on December 10, 1968, advising the latter that his fee was not contingent upon an actual sale of the property. Said letter was admitted in evidence. From the testimony adduced, it is clear that appellee refused to consummate the transaction through no fault of either appellant or Mr. Accornero who had agreed to purchase the property.
Appellant raises two issues for our consideration. First, it is contended that the trial court in effect erroneously held that the broker's commission was contingent upon an actual closing or sale of the property. It is well settled in Florida that a broker's commission is earned at the time of the execution of the contract by the buyer and seller where the undertaking of the broker under the terms thereof is to find a purchaser as opposed to effecting a sale. The governing principle is well stated in 5 Fla.Jur., Brokers § 42, thusly:
"A broker employed to find or procure a purchaser as distinguished from a broker employed to effect a sale of property is not required to procure and produce a formal and binding written agreement for purchase and the sale of the property, in the absence of a specific stipulation that he do so. It is only necessary that he procure and produce, in good faith, a purchaser who is ready, able, and willing to purchase upon the terms and conditions specified in the contract of employment, leaving to the seller the actual closing of the sale."
The cases in which the principle involved has been restated are many including Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011 (1908); McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla. 1957); Lindquist v. Burklew, 123 So.2d 261 (Fla.App.); Hardin-Lowery Realty Co. v. Hine, 213 So.2d 308 (Fla.App. 1968).
In the case at bar, it is clear that the closing was prevented from occurring by the acts of the seller. Nowhere does it appear that the buyer in any way refused to go through with the purchase. In those circumstances, a directed verdict against the broker was premature.
The remaining question assigns as error the trial court's refusal to permit Mr. Accornero, the purchaser, to be called as a witness by the plaintiff because his name was not furnished to the defendant pursuant to a form pre-trial order. Plaintiff's proffer of what testimony this witness would have given was rejected by the court. While the rule is well settled that the trial court has broad discretion in permitting or prohibiting the use of witnesses whose name has not been furnished to the opposing party, it seems to us that the exercise of such discretion should be guided largely, though not exclusively, by whether the use of such a witness will prejudice the opposing party. The record of the proceedings below *87 indicates that no inquiry or contention was made with respect to the question of prejudice. Certainly it could not be argued that the calling of the proposed witness was a surprise to the defendant since he was a party to the transaction giving rise to plaintiff's claim against the defendant.
Inasmuch as we have determined that it was reversible error to grant the directed verdict in defendant's favor in the face of sufficient evidence to show that the plaintiff broker had earned the fee sued for, it is unnecessary for us to decide whether the trial court's ruling prohibiting the plaintiff from calling the purchaser as a witness and denying a proffer of what that witness's testimony would be was reversible error or not.
Accordingly, the judgment reviewed herein is reversed and this matter is remanded for a new trial.