285 So.2d 697 (1973)
McDONALD AIR CONDITIONING, INC., a Florida Corporation, Appellant,
v.
JOHN BROWN, INC., D/B/a Equipment Sales Company, Appellee.
No. 72-1125.
District Court of Appeal of Florida, Fourth District.
November 30, 1973.
Lawrence G. Ropes, Jr., Coral Gables, for appellant.
R.W. Beaver, Fields, Bookstein & Beaver, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal from a final judgment for appellee and an order taxing costs after a nonjury trial.
In June of 1970, appellee rented two welding machines to appellant for $10.00 per day or $45.00 per week. Both machines were stolen from the appellant's job site. Thereafter, appellee sued appellant for the value of the two machines and for loss of rental value. When the case came on for trial appellant objected to appellee *698 calling any witnesses because it had not complied with the court's order directing the filing of witness lists by both parties ten days prior to trial  the list had been filed six days prior to trial. The objection was sustained so appellee took a voluntary dismissal, refiled the suit and it was assigned to the same trial judge.
The case was tried by the court without a jury. The final judgment includes damages for loss of appellee's personal property. However, the proof adduced at trial as to its value was inadequate and the measure of damages was incorrect. The proper measure of damages for loss of personal property is its market value on the date of the loss. Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, etc., Co., 27 Fla. 1, 157, 9 So. 661 (1891), 8 Am. Jur., 2d Bailments, § 333. If the item has no market value, such as heirlooms, etc., of necessity other sources must be used to determine value. The proof used here related to original cost of the items, present day cost of new machinery, etc. No witness testifying to value stated that he was familiar with the condition of the equipment in question, nor was any hypothetical question propounded so that a qualified person could testify to the market value of these machines.
A further point on the question of damages which requires reversal is the inclusion in the final judgment of some allowance for loss of rental value, though no proof was adduced to show rental value. One might consider the contract rental between the parties, but even if that suffices the evidence is indefinite as to the time period of that loss. Try as we might on this record, we cannot arrive at any definite period to calculate that aspect of the loss.
Appellant also complains because after the plaintiff had rested it sought to call several witnesses. But lo and behold this time appellant had failed to file any witness list, although the court had so ordered. The trial judge was consistent and refused to let him call any witness except the vice-president of the opposing party. Appellant made no proffer of the witness' testimony and failed to apprize the court that the deposition of at least some of them was in the file. With the history of this case it is little wonder the trial judge sustained the objection. Rulings of the trial court of this nature will not be disturbed unless it is clearly demonstrated that he abused his broad discretion. Rose v. Yuille, Fla.App. 1956, 88 So.2d 318; Henningsen v. Smith, Fla.App. 1965, 174 So.2d 85; County of Brevard v. Interstate Engineering Co., Fla.App. 1969, 224 So.2d 786; Green v. Shoop, Fla.App. 1970, 240 So.2d 85. We find no abuse of discretion.
On the question of appellant's negligence, the final judgment is supported by the record. However, since the case must be retried, it appears to us the ends of justice would be best served by retrying this issue also, particularly because appellant never really presented its case.
Accordingly, the final judgment of October 6, 1972 and the order of November 10, 1972 are reversed and the cause is remanded for a new trial.
OWEN, C.J., and CROSS, J., concur.