301 So.2d 818 (1974)
WILLIAMSON TRUCK LINES, INC., a Foreign Corporation Doing Business in Florida, Appellant,
v.
Robert M. KELLAR and Candice Lynn Kellar, His Wife, Appellees.
No. 74-241.
District Court of Appeal of Florida, Third District.
October 22, 1974.
Corlett, Merritt, Killian & Mascaro and Michael D. Sikes, Miami, for appellant.
Ralph Ezzo, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
The sole point on appeal in this case is whether or not the trial judge committed *819 reversible error by permitting the plaintiffs to call a rebuttal witness whose name did not appear on a pretrial witness list.
This litigation arose out of a collision between the plaintiffs' automobile and a tractor-trailer belonging to the defendant and operated by one, Charles Mitchell.
The jury returned a special verdict finding the defendant negligent and determining plaintiff Robert Kellar's damages to be $60,000 and Candice Lynn Kellar's, $0. The jury further found that Robert Kellar was 25 percent negligent, and accordingly the trial court entered final judgment in the amount of $45,000.
Each side advanced their own theory of how the accident happened. Kellar contended that he was returning from Naples eastbound on Tamiami Trail near Krome Avenue. According to his version, the tractor-trailer, which was situated in the far right hand lane, made a sudden left hand turn, thus blocking both eastbound lanes of traffic and making the collision unavoidable on plaintiff's part.
Mitchell, however, testified that he was unfamiliar with the area, that he was told he could make a U-turn at the point where the accident occurred by a nearby service station operator, and that he was in the far left hand lane when he attempted a U-turn at the turnaround. While attempting to complete this maneuver, according to Mitchell, the accident took place.
Thereafter, plaintiff called as a rebuttal witness another truck driver, Thalmage Louelen Brown. The defendant objected on the grounds that the witness' name did not appear on the witness list.
Prior to permitting Brown's testimony, the court required plaintiffs' counsel to proffer the purpose for calling the witness. Counsel stated that he had requested Brown together with his investigator to conduct a test at the accident location to determine whether or not it was possible to make a U-turn from the far left-hand lane.
At that point, the court permitted Brown to testify, and the record reflects that defendant's counsel capably cross-examined the witness, managing to get Brown to concede that the truck in which he conducted the experiments was different from the one involved in the accident and also that different trucks have different turning radiuses.
It is well-settled that permitting or prohibiting the testimony of a rebuttal witness, whose name has not been supplied before trial to opposing counsel, is a matter within the broad discretion of the trial judge, and will not be disturbed on appeal absent a showing of prejudicial error. McDonald Air Conditioning, Inc. v. John Brown, Inc., Fla.App. 1973, 285 So.2d 697; Green v. Shoop, Fla.App. 1970, 240 So.2d 85; County of Brevard v. Interstate Engineering Co., Fla.App. 1969, 224 So.2d 786; Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314.
The defendant has argued before the trial court and this court that Brown's testimony was irrelevant because it was conceded that the U-turn was never completed, and therefore whether or not it was possible to make a U-turn was not important.
We think there was a clear factual conflict in this case which the jury resolved in favor of the plaintiffs. The appellant has not demonstrated a clear abuse of discretion by the court which constitutes prejudicial error.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.