NATHAN, Judge.
S & D Enterprises, Inc., the defendant in the trial court, appeals from an adverse summary final judgment in favor of the plaintiff mortgage broker, Sonnenblick-Goldman Southeast Corp., in an action to recover a brokerage commission.
The defendant, as prospective borrower, executed a contract with the plaintiff broker, providing that the broker would procure for the defendant, a conversion/construction loan commitment in the sum of $8,500,000 for the compensation of one per cent of the amount of such loan. The plaintiff broker contacted prospective lenders and was successful in obtaining a commitment offer from North American Mortgage Investors. Although the original agreement between the plaintiff and defendant was somewhat modified by the lender, the defendant borrower accepted and approved the loan commitment obtained from the said lender.
At this point, then, the plaintiff had procured a lender ready, willing and able to lend the money requested. Subsequently, and at or near the time of the closing of the loan between the defendant and the lender, further negotiations were held, and the lender insisted on changing the $491,000 equity investment requirement to a $300,000 letter of credit. At the time of closing, the defendant borrower refused to close, alleging that the $300,000 letter of credit changed the commitment requirement because it provided for additional security which the defendant was unable to post. The defendant-borrower later closed a similar deal with another lending institution without a brokerage fee, whereupon the plaintiff filed suit for a commission. The trial court entered summary judgment in favor of the plaintiff broker, and the defendant borrower filed this appeal.
The controlling issue on appeal is whether or not a binding contract was entered into between the plaintiff and the defendant, and whether or not the plaintiff fully performed when it procured a loan commitment offer from a lending institution ready, willing and able to lend the money pursuant to the brokerage agreement. We first look to the terms of the contract entered into and duly signed by plaintiff and defendant, which states in pertinent part that, “the undersigned hereby grants you exclusive authority to procure a conversion/construction loan commitment (sic) on the subject property.” and “In consideration of your services in procuring the aforementioned commitment (sic), we agree to pay you 1% of the amount of the said loan commitment (sic).” In our opinion, this is a binding contract, entitling the plaintiff broker to a commission as of the execution of the loan commitment, regardless of the conduct of the lender subsequent to executing the agreement.
As the trial court stated when it denied the motion for rehearing as to entry of the summary judgment, if the lender *345 has violated its commitment, then defendant has recourse against the lender, by specific performance or damages or both, and if the payment of brokerage fees on a broken contract is found to have been the fault of the lender, defendant may seek to recover such fees as additional damage. We agree. Since the contract between plaintiff and defendant is clear as to its meaning, once the commitment was procured, the sum was due and owing regardless of the conduct of the lender.
We distinguish the instant contract from those wherein a broker is to effect a sale rather than produce a purchaser, or, in this case, lender.[1] In Abel v. First Federal Savings & Loan Association of Manatee County, Fla.App.1967, 199 So.2d 295, the defendant engaged a broker to find a party willing to contract, not to obtain a closing. As such, the court held, even though the contract was so vague and unenforceable that the major parties (lender and defendant borrower in the instant case) might not be able to obtain specific performance, this was no defense to a suit by the broker; he was entitled to a commission. The contract, as the instant contract, was signed by both parties and contained all essential terms. The general rule, as stated by this court in Green v. Shoop, Fla.App.1970, 240 So.2d 85, 86, is that a broker’s commission is earned at the time of the execution of the contract by the buyer and seller where the undertaking of the broker under the terms thereof is to find a purchaser as opposed to effecting a sale.[2]
We find that the plaintiff did fully perform and was entitled to its commission when it had procured the lender ready, willing and able, and the lender and the defendant borrower entered into a written loan agreement. Any valid dispute between the parties which would create a genuine issue of material fact for the court or the jury to decide, exists between the defendant and the lender. The trial court was eminently correct in awarding summary final judgment in favor of the plaintiff broker.
For the reasons stated and upon the authorities cited, the judgment appealed hereby is affirmed.
Affirmed.

. E. g., Kay v. Sperling, Fla.1956, 83 So.2d 81.

. See 5 Fla.Jur., Broker § 42.