RAWLS, Judge.
Appellee-plaintiff Prestridge is the surviving widow of her deceased husband. She instituted this suit individually and as the administratrix of the estate against appellant-defendant Norge seeking damages for the wrongful death of her husband. Pursuant to a jury verdict, the trial judge entered a judgment in her favor in the sum of $412,500.00 individually and $1,538.-70 as administratrix.
The point posed by Norge that requires reversal for a new trial is the abuse of discretion by the- trial court in permitting plaintiff’s expert economist, Dr. Joseph Perry, to testify as a witness.
The case came on for trial on Monday, December 9, 1974, at 9:30 a.m. A pre-trial conference was held at 3:15 p.m. on the Friday afternoon preceding the Monday trial date, and on this occasion, for the first time, plaintiff advised the court and defense counsel that Dr. Perry would be utilized as an expert economist in proving plaintiff’s damages.[1] At trial, plaintiff *301 called Dr. Perry to testify, whereupon defense counsel strenuously objected on the grounds that defense counsel received Dr. Perry’s report about S :00 p.m., Friday (preceding Monday morning trial date), thus depriving Norge the opportunity to analyze Dr. Perry’s proposed testimony and secure an expert to counter same. Plaintiff’s counsel countered stating that he had offered defense counsel the opportunity to depose Dr. Perry over the weekend, which offer was declined. The trial judge, in considering the propriety of this witness testifying, stated:
“. . . There is no excuse now that you can offer me for not furnishing him that man’s name, because you knew you were going to use him.

“As I say, I am doing this with reluctance and I am cautioning counsel that you may have given a legitimate cause for ground for appeal, you see, in this case by not furnishing.
“These witness surprises, we have done away with that in the new rules that we have for civil procedure.
“All right, I am going to permit this testimony over the objection and we will note your objection in the record.”
A trial judge is vested with broad discretionary power for the proper conduct of litigation.[2] Although we do not reach the conclusion that decedent’s death resulted from his sole negligence, this record discloses that decedent’s actions constituted far more than the 25 percent comparative negligence apparently found by the jury to be chargeable to decedent. The damages awarded by the jury, which to a great extent was founded upon Dr. Perry’s testimony, are far out of line. The trial judge abused his discretion in permitting this essential expert witness to testify when Norge had not been afforded sufficient opportunity to depose Dr. Perry and to prepare any defense to his testimony. The action of the trial judge in permitting this witness to testify constituted such harmful error that the cause must be reversed.[3]
Reversed and remanded for a new trial.
McCORD, J., concurs.
BOYER, C. J., specially concurs.

. Norge’s motion for new trial alleged, inter alia:
“ • • . The Court erred and abused its discretion in permitting plaintiff’s expert, Dr. Joseph Perry, an Economist to testify over objection made by the Defendant on the grounds that his name was not provided to defendant’s counsel pursuant to pre-trial instructions wherein counsel were directed to exchange witness lists, but in fact his name *301 was only provided to defendant at 3:15 o’clock P.M. on Friday, December 6, 1974, before the case went to trial on Monday, December 9, 1974, and further that defendant was not given a copy of the proposed testimony of Dr. Perry until approximately 5 :00 o’clock P.M. on December 6, 1974, prior to the start of the trial on Monday, December 9, 1974, and that the defendant then was given absolutely no opportunity to prepare for the testimony of Dr. Perry or was not given the opportunity to secure expert testimony with which to rebut the testimony given by Dr. Perry at the trial.”

. Henningsen v. Smith, 174 So.2d 85 (Fla.App. 2nd 1965).

. Green v. Shoop, 240 So.2d 85 (Fla.App. 3rd 1970).