363 So.2d 843 (1978)
Barbara K. CLARKE, Appellant,
v.
Richard J. SANDERS, Appellee.
No. 77-1585.
District Court of Appeal of Florida, Fourth District.
October 11, 1978.
Rehearing Denied November 20, 1978.
Hugh M. Davenport of Smith, Davenport, Peek & Bloom, Jacksonville, for appellant.
Michael P. Falkowski of Parker, Conrad, Falkowski, Johnson & Owen, Orlando, for appellee.
DAUKSCH, Judge.
In this malpractice case the trial court erred in refusing to allow in evidence at trial the depositions of two doctors whose testimony was quite relevant to the issue of malpractice. The reason the trial court gave for disallowing the introduction of the depositions into evidence was the plaintiff's failure to list the names of the doctors on a pretrial statement. We find error because there was no pretrial order requiring the parties to list witnesses on a pretrial statement[1] and even if there was an order, the failure to list their names was not so prejudicial to the defendant so as to require such a strong sanction as disallowing the presentation of the evidence. The defendant was quite aware of the proposed evidence and the doctors' testimony because their names were furnished on answers to interrogatories; the defendant took the depositions of the doctors; the plaintiff had listed the bills of the doctors as being items to be introduced in evidence at trial; after the mistrial the defendant was again furnished the names of the doctors in answers to interrogatories; and the defendant made specific references to these doctors and their testimony by deposition during his opening statements to the jury at trial.
The trial court has broad discretion in these matters. County of Brevard v. Interstate Engineering Company, 224 So.2d 786 *844 (Fla. 4th DCA 1969). The aggrieved party must show he was prejudiced by the court's abuse of discretion. County of Brevard v. Interstate Engineering Company, supra. Here the plaintiff was prejudiced because the two excluded depositions were of two doctors who gave testimony that the accused doctor had committed the malpractice. It is common knowledge it is difficult to obtain expert testimony in professional malpractice cases and it is obvious malpractice can hardly be proved without such evidence, so to exclude it could often ring the death knell for the plaintiff's case. We are aware the plaintiff presented three other expert witnesses but the evidence offered by these two was not merely cumulative.
The plaintiff also appeals the judgment and the order denying the requested new trial saying the evidence was insufficient to support the verdict. Because we reverse on other grounds we need not get to that.
REVERSED and REMANDED for new trial.
BERANEK, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] There was a pretrial order for the first trial which was a mistrial but not for this re-trial.