JORGENSON, Judge
(concurring specially)-
I cannot agree that the trial Judge abused his discretion by enforcing the terms of a pre-trial order with strict compliance provisions. Williamson Truck Lines, Inc. v. Kellar, 301 So.2d 818 (Fla.3d DCA 1974); Duran v. Neff, 366 So.2d 169 (Fla.3d DCA 1979).
I do, however, agree that the appellant must carry the day on the other issue raised by this appeal. At the charge conference, appellant’s counsel stated that only standard charges were being requested. Thereafter, counsel and the court reviewed each of the standard charges which were to be given. The record below is clear, that Standard Jury Instruction 6.2(b) concerning aggravation of an existing condition was not discussed at the charge conference. The record is also clear that there was no evi-dentiary basis for the giving of the 6.2(b) charge. Winn-Dixie Stores, Inc. v. Nall, 302 So.2d 781 (Fla.3d DCA 1974); Gardner v. Terminal Transport Co., 189 So.2d 405 (Fla.2d DCA 1966).
Since I would reach the same result for different reasons, I concur in the decision to reverse.