MILLS, Judge.
In this appeal of the denial of his motion for new trial, Fernandez contends that the trial court erred in allowing Sea-Land’s expert to testify at trial and in refusing to give a requested jury instruction. We affirm.
Fernandez was injured in an accident which occurred during the course of his employment with Sea-Land. Following the accident, he filed suit against Sea-Land under general maritime law and under 46 U.S.C. § 688 et seq.
After the pleadings were filed, the trial court ordered the parties to exchange lists of witnesses before the pretrial conference which was to be held on 10 February 1982. Trial was set for 15 February, though it did not actually begin until the following day due to a legal holiday.
Pursuant to this order, counsel for both parties met on 10 February immediately before the pretrial conference and exchanged witness lists. On Sea-Land’s list was the name of its expert, Mr. Browder. It is unclear whether counsel for Sea-Land then told opposing counsel that he definitely did not plan to call Browder as a witness or whether he told opposing counsel he would rather not call him as a witness. In any event, when trial began on 16 February, counsel for Sea-Land announced his intention to call Browder, who was subsequently allowed to testify over objection.
At the conclusion of the trial, the jury returned a verdict finding Fernandez 85% at fault and Sea-Land 15% at fault. The jury also found the total damages sustained by Fernandez to be $200,000. Pursuant to this verdict, the trial court entered judgment in favor of Fernandez in the amount of $80,000. This appeal followed.
Citing Norge Laundry Co. v. Prestridge, 335 So.2d 300 (Fla. 1st DCA 1976), Fernandez argues that the trial court abused its discretion in allowing Browder to testify. We disagree. The pivotal issue in Norge was not, as Fernandez maintains, that the appellant had only three days to depose the appellee’s expert; rather, it was the fact that appellant failed to comply with the trial court’s pretrial order. Because counsel for Sea-Land complied with the trial court’s order to exchange witness lists, there was no abuse of discretion in allowing Browder to testify. Fernandez should have been on notice as of 10 February that Browder, who lived in New York, might be called as a witness. New York counsel then could have been associated for purposes of obtaining Browder’s deposition.
Fernandez further contends that the trial court erred in refusing to instruct the jury as follows:
A seaman may not be negligent for carrying out orders given to him by his superior that result in his own injury, even if he recognizes possible danger. Darlington v. National Bulk Carriers, 157 F.2d 817 (2d Cir.1946); Williams v. Brasea, Inc. and Vessel Ciapesc I, 497 F.2d 67 (5th Cir.1974).
Fernandez’s theory of liability was that the use of the ship’s capstan to handle the offshore stern line was improper and that the better procedure would have involved the use of the ship’s bitts. However, his superi- or ordered him to use the capstan. Sea-Land admitted that Fernandez’s superior ordered him to use the capstan but argued that the use of the capstan was entirely proper in this instance and that Fernandez caused his own injury by using it incorrectly-
*1251 Though the requested jury instruction is a correct statement of the law, it is not applicable to the facts of this case. Fernandez was simply ordered to use the capstan, not to use it improperly. Therefore, he was not “carrying out orders given to him by his superior.”
AFFIRMED.
ERVIN and JOANOS, JJ., concur.