431 So.2d 624 (1983)
FIRST REPUBLIC CORPORATION OF AMERICA D/B/a Sahara Best Western Motel and Sahara Resort Motel a/K/a Sahara Best Western Motel, Appellants,
v.
Jay HAYES, Appellee.
No. 82-574.
District Court of Appeal of Florida, Third District.
April 19, 1983.
Rehearing Denied June 7, 1983.
*625 Ligman, Martin, Shiley & McGee; Jeanne Heyward, Miami, for appellants.
Adams, Ward, Hunter, Angones & Adams and Steve Hunter, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
The sole issue on appeal is whether the trial court abused its discretion in precluding the defendants' expert from testifying at trial. We find that the trial court abused its discretion and, accordingly, we reverse.
The plaintiff sued for injuries received when, while a guest at the defendants' motel, he was involved in a diving accident at the swimming pool. The trial judge directed a verdict on the issue of defendants' negligence per se, leaving for the jury the questions of causation and damages. The jury returned a substantial verdict in favor of the plaintiff. The expert witness, whom the defendants claim was erroneously excluded, would have testified to the lack of causal relationship between the accident and the plaintiff's injuries.
After the case had proceeded through discovery for almost two years, an order setting the pretrial conference was entered. It stated that no later than fifteen days prior to the conference both sides were to present their witness lists and discovery was to be terminated by the time of the pretrial meeting. Several weeks before the conference, the defendants filed their second motion for compulsory examination by a court-appointed physician[1] and subsequently filed their witness list including "the court appointed physicians, Dr. Sheldon Meyerson, Dr. Basil Yates." At the pretrial conference, the following colloquy ensued:
MR. HUNTER: Judge, only other matter that we would have is when the defendants listed their pre-trial, they include two medical doctors, Dr. Sheldon Meyerson and Basil Yates, but they said  here's  specifically, I will quote it from their compliance.
The Court-appointed physicians, Dr. Sheldon Meyerson and Basil Yates 
MR. SHEPPARD: That's a mistake.
MR. HUNTER: Are they 
MR. SHEPPARD: I withdraw my motion for Court-appointed.
MR. HUNTER: You won't call these fellows as witnesses?
MR. SHEPPARD: No. I won't call them.[2] They're listed as witnesses. The Court will.
MR. HUNTER: Judge 
THE COURT: We are going to discuss it. These folks were not Court-appointed. You misidentified them in the pretrial catalog as Court-appointed. You still list them as witnesses.

*626 What else, if anything, will they testify to? Have you identified them?
MR. SHEPPARD: No. Because, frankly, I haven't even talked to them.
THE COURT: I won't let you put them on.
Here we go.
I will grant your motion to strike those two, if that's what your motion is, okay?
Was that your motion?
MR. HUNTER: Yes, sir.
Thereafter, the defendants filed a motion for reconsideration of the pretrial ruling which action was ultimately denied. When the time arrived during defendants' case in chief to present the testimony of one of these experts, the trial court, consistent with the pre-trial ruling, precluded the doctor from testifying.
Florida Rule of Civil Procedure 1.200(b), relating to pretrial procedure, provides that "[u]pon failure of an attorney for a party to attend the conference, the court may dismiss the action or strike the answer or take such action as justice requires." The rule fails to address the question of whether sanctions may be imposed for other violations relating to the pretrial conference, and if so, what sanctions would be permissible. However, in Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla.2d DCA 1978), wherein a default was entered for failure of defense counsel to file a pretrial statement, the court stated:
Fla.R.Civ.P. 1.200 dealing with pretrial procedure refers only to the striking of a party's pleadings upon the failure of his attorney to attend the pretrial conference. Nevertheless, we are unwilling to hold that the court cannot strike a party's pleadings for the wilful and flagrant failure of his attorney to comply with this or any other legitimate order.
357 So.2d at 465. See also Bernuth Marine Shipping, Inc. v. Integrated Container Service, Inc., 369 So.2d 424 (Fla. 3d DCA 1979) (trial court has authority to impose sanction for failure to submit a pretrial catalogue or to appear at calendar call); Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824 (Fla.2d DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979) (sanctions may be imposed for failure to comply with an order requiring the parties to have a person available at the conference who could authorize a settlement); Warriner v. Ferraro, 177 So.2d 723 (Fla. 3d DCA 1965) (court has inherent power to order dismissal for failure to comply with court order). Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981) (court has power to exclude witness for failure to disclose name as required by the order setting the pretrial conference); Green v. Shoop, 240 So.2d 85 (Fla. 3d DCA 1970). Where an objection was made to an expert's testimony on the basis that his name was not submitted within the time required, the court, in County of Brevard v. Interstate Engineering Co., 224 So.2d 786 (Fla. 4th DCA 1969), stated:
Notwithstanding the status of the witness as an expert nor the lack of surprise the trial court has the inherent authority to insist upon compliance with any reasonably imposed pretrial requirements designed to expedite the trial of litigated matters.
224 So.2d at 788. See also Norge Laundry Co. v. Prestridge, 335 So.2d 300 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 326 (Fla. 1977). From these decisions, we conclude that the trial court is authorized to impose appropriate sanctions for violations of orders relating to the pretrial conference.
The more difficult question is whether the disallowance of the doctor's testimony was an appropriate sanction under the circumstances of the present case. We find that it was not. In Travelers, supra, and Masons Concrete, supra, the appellate courts found that a default was too severe a sanction under the facts of those cases and observed that the sanction must be commensurate with the offense. The sanction in the present case, exclusion of an expert witness, is considered a harsh remedy which should be invoked sparingly, LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980); however, it is also true that the trial judge has broad discretion to control the trial of cases before *627 him. This court may not overturn the trial court's decision absent an abuse of that discretion. Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978); County of Brevard, supra. See also Goldring v. Escapa, 338 So.2d 871 (Fla. 3d DCA 1976), cert. denied, 346 So.2d 1248 (Fla. 1977); Warriner v. Ferraro, supra. The burden is on the aggrieved party to show that he was prejudiced by the court's abuse of discretion. Clarke v. Sanders, supra; County of Brevard, supra.
Defense counsel's proffer of the excluded doctor's testimony included the following: (1) the plaintiff's athletic history, service in the paratroopers, and all other activities contributed to a deterioration of the body; (2) contrary to the plaintiff's expert's testimony, bowling, skiing, and use of the arms does affect and can cause a cervical disc problem; (3) the defendant had a pre-existing condition which necessitated the surgery for which recovery was sought; and (4) based on reasonable medical probability, the pool incident was not related to the surgery which had to be performed on him three years after the pool incident. Clearly, the inability to have this evidence presented to the jury was prejudicial to the defense of the case.
We also find that, in light of the representations of defense counsel at the pretrial conference, the plaintiff would have been prejudiced if the judge had suddenly allowed the doctor to testify at the trial. In order to alleviate the prejudice to both parties, the trial court could have ordered a continuance to allow the plaintiff time to prepare for the defense witness' testimony.
Under these circumstances, we find that the sanction was erroneously imposed on the defendant. This is especially true where the violation of the court order leading to all of those difficulties was due to the attorney's noncompliance rather than to his client's actions. As the supreme court observed in Beasley v. Girten, 61 So.2d 179 (Fla. 1952):
The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant.
61 So.2d at 180-81.
Accordingly, we reverse and remand for a new trial leaving it to the trial court to determine what sanctions, if any, shall be imposed against the attorney for his noncompliance with the trial court's order.
Reversed and remanded.
SCHWARTZ, Chief Judge (specially concurring).
While I agree with the result, I do not believe that it can fairly be said even that defense counsel was guilty of a "noncompliance with the trial court's order." At most, the record demonstrates a mutual misunderstanding which was seized upon to effect a hardship all out of proportion to the alleged offense. See Summit Chase Condominium Association, Inc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982) (Schwartz, J., concurring in part, dissenting in part).
NOTES
[1] The first motion for compulsory examination was filed two years earlier but was never noticed for hearing.
[2] The original transcript of this sentence was inaccurate and was subsequently changed to the present version by the court reporter.