487 So.2d 321 (1986)
Luis E. LUGO and Elvia Lugo, His Wife, Appellants,
v.
FLORIDA EAST COAST RAILWAY COMPANY and J.I. Case Company, Appellees.
No. 83-3033.
District Court of Appeal of Florida, Third District.
March 25, 1986.
Rehearing Denied May 8, 1986.
Harper & Hewitt, James C. Blecke, for appellants.
Squire, Sanders & Dempsey and Joanne M. Rose and David C. Goodwin and Kenneth Ryskamp, for appellee Fla. East Coast Ry. Co.
Adams Hunter Angones Adams Adams & McClure and Christopher Lynch, for appellee J.I. Case Co.
*322 Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellants, plaintiffs below, make two arguments in this appeal: (1) the trial court erred in excluding the testimony of their expert witness for failure to list him as a witness for trial even though the essence of his testimony was set forth in an affidavit filed in opposition to defendants' motion for summary judgment, and the defendants deposed the witness at length four days before trial; and (2) the trial court erred in failing to instruct the jury, in a case brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1982), that negligence is a legal cause of injury if it produces or contributes in whole or part, even in the slightest, to producing such injury. [Emphasis denotes specific part of requested instruction which was omitted].
The evidence shows that plaintiff Luis E. Lugo suffered a loss of his left leg, in the course of his employment, when he was knocked down and run over by a large travel-lift crane which he was operating with three other crewmen for the purpose of hoisting tractor trailers onto railroad cars. The action was brought against his employer, Florida East Coast Railway Co. (FEC), under the Federal Employers' Liability Act[1] for negligently maintaining, controlling, and operating the crane and against the manufacturer of the crane, J.I. Case Company, on theories of negligence and strict liability.
By pretrial order the parties were required to provide to opposing counsel the names and addresses of all expert witnesses which they intended to call, along with a brief statement of the general nature and areas of testimony, no later than sixty days prior to the week of trial. Plaintiffs failed to file a list naming Dr. Rolf W. Roley as an expert witness.
Defendant FEC filed a motion for summary judgment alleging that there was no negligence on its part and that the accident was the result of plaintiff's own negligence. J.I. Case Company's motion for summary judgment was based on general allegations that it was free of negligence in the manufacture of the travel-lift crane and that the crane was free of defects. In opposition to the motion plaintiffs filed an affidavit of their expert Dr. Roley. In the affidavit Roley summarized his forty-five years of experience and training and made the following statements pertinent to the case:
2. Over the years I have examined and made evaluations of track and non-track equipment used in the transfer of ladings (including semi-trailers) from ground to railroad car and from railroad car to ground. This experience has been in conjunction both with railroad equipment and also when the same type of equipment that was used in this [case] was used by private industry in a lading and transfer situation.
3. I have had occasions to work with, examine, study and observe various types of crane units such as the one used by the FEC in their piggy-back yards. There are many such types and classes but I have been involved with the usage and operation of all types of classes that are common in today's industry. My work with these type[s] of units has been in both regular railroad yards and piggy-back loading yards.
4. It is my opinion that when such "straddle" or "travel-lift" type cranes are used for piggy-back loading operations with men on the ground in the vicinity of the crane that such cranes should be fitted with safety or bumper guards surrounding the wheel... . Had this safety equipment been installed... it is my opinion that the accident could have been prevented. It is further my *323 engineering opinion that the installation of such equipment was the joint responsibility of both the Florida East Coast Railway as the user of the equipment and that of J.I. Case Company which designed and built the crane unit.
Attached to the affidavit as an exhibit was a five-page statement of Dr. Roley's qualifications.
No pleading was filed as a challenge to the affiant's qualifications. Based ostensibly on the affidavit, defendants' motions for summary judgment were denied.
Four days before trial defendants took a two-day deposition of Dr. Roley. The deposition, totalling 261 pages, was already typed up and available for use at trial. It is clear that defendants expected Roley to be called by plaintiffs as an expert witness as can be discerned from questions posed at the deposition:
Plaintiff's counsel: We have been over this, this is repetitious, Dave. You can argue with him on the stand.
FEC's counsel: I look forward to that. Not arguing, just having cross-examination.
* * * * * *
FEC's counsel: Do you intend to make any further studies or examination or evaluations of any exhibits in this case before the trial and before you take the stand?
* * * * * *
FEC's counsel: Let me rephrase the question. Do you intend to make any study or any sort of educational gatherings on your own to be prepared to testify further in this case, whether in this trial or elsewhere?
* * * * * *
FEC's counsel: Do you have any additional material?
Witness: Now, wait 
FEC's counsel: References that you will be consulting before you testify in this case?
In opening statements to the jury, plaintiffs represented that they would call Dr. Roley, an expert who would testify that the absence of a bumper guard on the offending equipment created an unnecessarily dangerous condition.
On the fourth day of trial, as the trial court and counsel were discussing the scheduling of witnesses, counsel for FEC suggested that plaintiffs' expert should be excluded from testifying because of a failure to list him as a witness more than sixty days before trial in compliance with the court's pretrial order. The witness was excluded by the trial court on the sole ground that a pretrial order "must be strictly complied with."
Defendant J.I. Case Company then suggested to the jury in closing argument that the failure to call the promised expert witness was an admission of a weakness in plaintiffs' case:
Now Mr. Harper [plaintiffs' attorney] in his opening statement said that he would produce a Mr. Roley.... Well, Mr. Harper did not produce a Mr. Roley. He did not produce a single solitary witness that testified that this crane was dangerous and was not fit for the use to which it was intended for.
* * * * * *
Why did not Mr. Harper bring to you a single, solitary soul from any other railroad or from La Tourneau or from any other company that would be knowledgeable in this case that said that it was a defective design, to say anything that was wrong with this product.
At the outset we agree with appellants that exclusion of the witness for failure to strictly comply with the pretrial order is indefensible. The trial court's discretion to exclude a witness whose name has not been disclosed in compliance with a pretrial order cannot be exercised blindly or strictly, but is to be guided by a determination as to whether use of the undisclosed witness will prejudice the objecting party. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). The supreme court in Binger presented fairly easy to apply guidelines where the trial court is called *324 upon to exercise its discretion to exclude the testimony of an undisclosed witness:
Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court's exercise of discretion are: (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case... . If after considering these factors, and any others that are relevant, the trial court concludes that use of the undisclosed witness will not substantially endanger the fairness of the proceeding, the pretrial order mandating disclosure should be modified and the witness should be allowed to testify. [e.s.]
401 So.2d at 1314. A review of the record indicates that the trial court did not consider the factors which should have entered into its exercise of discretion. It is equally evident from the record that (1) the defendants were not surprised in fact, (2) there was adequate time to cure the prejudice, if there was any, and (3) allowing the witness to testify would not have disrupted the orderly and efficient trial of the case. Nor is there a showing that plaintiffs' failure to list the witness was intentional or motivated by bad faith.
Binger was expressly an endeavor to reconcile conflicting district court decisions regarding the effect of a pretrial failure to disclose the names of witnesses. In the cases relied upon by defendant FEC on this point, all of which predate the Binger decision, (1) there was a showing of surprise in fact as to the existence of a witness or as to how the witness would testify, or (2) the court strictly exercised its discretion to exclude a witness where no surprise was shown. See Rose v. Yuille, 88 So.2d 318, 319 (Fla. 1956); Norge Laundry Co. v. Prestridge, 335 So.2d 300 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 326 (Fla. 1977); McDonald Air Conditioning, Inc. v. John Brown, Inc., 285 So.2d 697 (Fla. 4th DCA 1973); County of Brevard v. Interstate Engineering Co., 224 So.2d 786 (Fla. 4th DCA 1969).
Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978), relied on by plaintiffs, is closer on the facts and in keeping with the principles that were announced subsequently in Binger. In Clarke the fourth district held that a failure to list the names of two physicians on a pretrial statement was not so prejudicial as to require disallowance of their deposition testimony where their names appeared in answers to interrogatories and the defendant, in taking their depositions, became "quite aware of the proposed evidence and ... testimony." Id. at 843.
Defendants contend that even if the court committed error in excluding the plaintiffs' expert witness the error is harmless because Dr. Roley was not qualified to give an expert opinion and, further, that expert opinion was not necessary to the fact finder's understanding of the subject matter. We will not affirm on those grounds for three reasons: (1) the issue could have been but never was presented to the trial court; (2) we must assume that the trial court found the expert qualified to render an opinion, and his affidavit testimony reasonably credible, as it was the only evidence it could have relied upon in denying defendants' motions for summary judgment; and (3) defendants argued to the contrary to the jury in commenting on the failure of plaintiffs to call their expert witness  suggesting that proof of a defect in the machine could come only from one having some expertise as to the product. To affirm on grounds that the testimony of an expert was unnecessary would require us to wink at an ambush tactic akin to those we have in the recent past roundly condemned. Capital Bank v. G & J Investments Corp., 468 So.2d 534 (Fla. 3d DCA 1985); Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984); Heimer v. Travelers Insurance Co., 400 So.2d 771 (Fla. 3d DCA 1981).
*325 The words of Chief Judge Schwartz, concurring in part in Summit Chase Condominium Association, Inc. v. Protean Investors, Inc., 421 So.2d 562, 565 (Fla. 3d DCA 1982), are a fitting end to the discussion on this point:
This order is but one of a regrettably long series of circuit court rulings which have effectively distorted the proper role of the discovery and pre-trial process in our system of civil justice. I believe that that function is solely to serve as a means to simplify, facilitate and fairly conduct litigation so that the merits may be more reliably and correctly determined. Instead, these procedures have become ends in themselves, in which missteps which do not prejudice, and in fact bear little or no relation at all to the prosecution or defense of the underlying controversies, nevertheless result in final adverse determinations of those cases... . Our [reversal] in this case ... demonstrate[s] that this court will not allow this process to continue.
On the second point raised as an issue in this appeal, we hold, as we did in Greenstein v. Seaboard Coast Line Railroad, 471 So.2d 1318 (Fla. 3d DCA 1985), rev. granted, supreme court case no. 67,536, order dated Jan. 16, 1986 [11 F.L.W. i, Jan. 31, 1986] that in a FELA action it is error to omit the words "even in the slightest," where requested, in charging a jury on negligence as a legal cause of injury. The following instruction was requested by the plaintiff in Greenstein: "Negligence is the legal cause of injury if it produces or contributes in whole or in part, even in the slightest, to producing such injury." Id. at 1320. We relied on Rogers v. Missouri Pacific Railroad, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, 499 (1957); Hausrath v. New York Central Railroad, 401 F.2d 634 (6th Cir.1968); and DeLima v. Trinidad Corp., 302 F.2d 585 (6th Cir.1962) in approving the instruction.
Defendants acknowledge the Greenstein case and holding. They contend, however, that Greenstein does not hold that failure to give the instruction on request is reversible error. We now lay the question to rest and hold that failure to include the words "even in the slightest" in charging a jury as to negligence as a legal cause of injury in a FELA action, where the instruction is requested, may constitute reversible error, as it does in this case.
Reversed and remanded for a new trial.
DANIEL S. PEARSON, J., concurs.
BARKDULL, Judge, dissenting.
I respectfully dissent. I find no abuse of discretion in the trial court excluding the alleged expert witness that was not listed pursuant to court order. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981); Wolfson v. Insurance Company of Florida, 451 So.2d 1005 (Fla. 3d DCA 1984); McDonald Air Conditioning, Inc. v. John Brown, Inc., 285 So.2d 697 (Fla. 4th DCA 1973); County of Brevard v. Interstate Engineering Company, 224 So.2d 786 (Fla. 4th DCA 1969). Further, there was no need for expert testimony when reasonable persons with ordinary common sense could understand the factual situation (which was the situation in the case at bar). Florida Power Corporation v. Barron, 481 So.2d 1309 (Fla. 2d DCA 1986); Seaboard Coast Line Railroad Company v. Kubalski, 323 So.2d 32 (Fla. 4th DCA 1975); Smaglick v. Jersey Insurance Company of New York, 209 So.2d 475 (Fla. 2d DCA 1968); Mills v. Redwing Carriers, Inc. 127 So.2d 453 (Fla. 2d DCA 1961). Even if it would have been appropriate to call an expert, the witness offered as such would not have qualified in view of the fact that he had no familiarity with the type of crane involved in the instant accident. Husky Industries, Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983); Sea Fresh Frozen Products, Inc. v. Abdin, 411 So.2d 218 (Fla. 4th DCA 1982); Kelly v. Kinsey, 362 So.2d 402 (Fla. 1st DCA 1978). I likewise find no error in the giving of the instruction on the record in this case. Grimm v. Prudence Mutual Casualty Company, 243 So.2d 140 (Fla. 1971); Llompart v. Lavecchia, 374 So.2d 77 (Fla. 3d DCA 1979); Reeder v. Edward M. Chadbourne, Inc., *326 338 So.2d 271 (Fla. 1st DCA 1976). Therefore, for the reasons above stated, I would affirm the final judgment under review.
NOTES
[1] An action against the employer pursuant to FELA is the employee's sole remedy for a job related injury in a railroad case. The employee is not entitled to compensation under the Florida Workers' Compensation Law, chapter 440, Florida Statutes (1985). § 440.09(2), Fla. Stat. (1985).