# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1818
Lower Tribunal No. 11-23514
_____

**Jesus G. Joubert Rodriguez, etc.,**
Appellant,

vs.

**Central Florida Equipment Rentals, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Wasson & Associates, Chartered, and Annabel C. Majewski; Deehl PLLC, and David Deehl, for appellant.

Law Offices of Charles M-P George, and Charles M-P George; Boyd, Richards, et. als., and Maria Dalmanieras and Peter Restani, for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Southstar Equity, LLC v. Lai Chau</u>, 998 So. 2d 625, 628 (Fla. 2d DCA 2008) (explaining that while we review a finding of lack of prejudice by a late disclosure for abuse of discretion, we recognize that "'control over witness disclosure problems' is a matter that is left 'to the broad discretion of the trial judge'") (quoting <u>Binger v. King Pest Control</u>, 401 So. 2d 1310, 1312 (Fla. 1981)); <u>see also</u> <u>Utica Mut. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.</u>, 639 So. 2d 41, 43 (Fla. 5th DCA 1994) (finding no abuse of discretion in trial court's decision to allow additional expert testimony despite late notice where opposing party had the opportunity to depose the new expert the night before trial); <u>First Republic Corp. of Am. v. Hayes</u>, 431 So. 2d 624, 626–27 (Fla. 3d DCA 1983) (explaining that exclusion at a pretrial conference of an expert witness as a sanction for a discovery violation was an abuse of discretion where the violation of the court's pretrial order resulted from the attorney's noncompliance, not the client's, and "the trial court could have ordered a continuance to allow the plaintiff time to prepare for the defense witness' testimony").