311 So.2d 675 (1975)
Dan PIVER, Individually, et al., Appellants,
v.
Herman BIRMAN et al., Appellees.
No. 74-1419.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
Rehearings Denied May 6, 1975.
Joe Easthope of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellants-Piver, and others.
Alan B. Whitaker, Jr., of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellant-Millman Construction Co.
Howard Jaffee and Douglas C. Kaplan of Douglas C. Kaplan & Associates, Hollywood, for appellees-Birman, and others.
PER CURIAM.
The trial court conducted a pre-trial conference over a course of days. The court reporter was in attendance and a transcript of the proceedings containing over 100 pages was thereafter filed with the Clerk. During the course of that conference the trial judge orally announced several rulings, such as declining to award a summary judgment for plaintiff, which are the subject of this interlocutory appeal. At the conclusion of the conference, the trial judge dictated to the court reporter,
"It is ordered that the above admissions and stipulations are the order of this court and shall control the subsequent course of action. Please write that up, Mr. Reporter."
It does not appear that the trial court entered a formal signed order or that he signed the transcript reflecting the rulings.
It is our view that the foregoing procedure can only lead to the conclusion that there has been no rendition of the trial court order within the definition found in Rule 1.3, F.A.R., and that therefore the appeal must be dismissed. State Ex rel. Faircloth v. Cross, 238 So.2d 81 (Fla. 1970); Florida Citrus Commission v. Griffin, 249 So.2d 42 (2d D.C.A.Fla. 1971); Martin v. Martin, 258 So.2d 6 (4th D.C.A.Fla. 1971); Egantoff v. Herring, 177 So.2d 260 (2d D.C.A.Fla. 1965).
While the mode of trial court practice and procedure is a matter largely within the discretion of the trial judges, it is our thought that a compliance with the mentioned rule of procedure could have been obtained here by appending a signed order to the transcript adopting and confirming *676 that transcript by reference and ordering that the proceeding should thereafter be governed by its contents. This could have been then filed and compliance with Rule 1.3, F.A.R., supra, thereby obtained.
The appeal is dismissed.
Dismissed.
WALDEN, CROSS and DOWNEY, JJ., concur.