366 So.2d 169 (1979)
Ginny DURAN, Appellant,
v.
Edward NEFF, M.D., Mercy Hospital, Inc., Guillermo Leon, M.D., and Imperial Insurance Company, Appellees.
No. 77-1256.
District Court of Appeal of Florida, Third District.
January 16, 1979.
*170 Richard A. Bokor, Tampa, Guillermo F. Mascaro, Coral Gables, for appellant.
Rentz, McClellan & Haggard and L. Edward McClellan, Jr., Preddy, Kutner & Hardy and Robert J. Bogdanoff, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
In a medical malpractice action, the plaintiff sought and received the right to have her case presented first on a Monday morning before the trial court. On Monday afternoon, at 5:10 P.M., counsel for the plaintiff suggested that the court take a short recess before permitting him to put on an expert witness, whose examination would be lengthy. The court declined to do this and recessed until the next day. Plaintiff was unable to produce the expert witness on the following day and a directed verdict was rendered against the plaintiff.
The plaintiff appeals and urges error in the trial judge's refusal to take her expert's testimony late on the first day.[1] We find no abuse of discretion in the trial court's ruling. It is elementary that a trial judge must be given broad latitude in the control of causes before him, particularly jury cases, and on this record there is certainly no abuse of discretion demonstrated. Rose v. Yuille, 88 So.2d 318 (Fla. 1956); Bowen v. Manuel, 144 So.2d 341 (Fla. 2d DCA 1962); F & B Ceco, Inc. of Florida v. Galaxy Studios, Inc., 216 So.2d 75 (Fla.3d DCA 1968); Piver v. Birman, 311 So.2d 675 (Fla.4th DCA 1975).
Therefore, the final judgment based on the directed verdict is affirmed.
Affirmed.
NOTES
[1] Although counsel for the appellant assigned other alleged errors in rulings by the trial judge, these were not made points on appeal and, therefore, they were deemed abandoned. Mitchell v. Mason, 61 Fla. 692, 55 So. 387 (1911); Saxton v. Miller, 230 So.2d 685 (Fla. 4th DCA 1970); Mahoney v. State, 300 So.2d 743 (Fla. 1st DCA 1974); Fla.R.App.P. 3.7i.