388 So.2d 1349 (1980)
Sylvia Jane Stafford LoBUE, Appellant,
v.
TRAVELERS INSURANCE COMPANY, Etc., Betty Jean Schimming and Glen Burnes, Appellees.
No. 78-2650.
District Court of Appeal of Florida, Fourth District.
October 15, 1980.
Malcolm H. Kahl of Meyer, Leben, Fixel & Cantor, P.A., Hollywood, for appellant.
Joseph S. Kashi of Grimmett, Scherer & James, P.A., Fort Lauderdale, for appellees.
ANSTEAD, Judge.
This is an appeal from a judgment entered on a jury verdict against the appellant on her personal injury claim against appellees. At issue is the correctness of the court's ruling prohibiting the appellant from calling her physician as a witness after the physician failed to appear at the time appellant's counsel represented. We reverse.
On the first day of trial counsel for the appellant represented to the court that the *1350 only medical expert he would call would not be available to testify until 10:00 a.m. the following morning. Based on that representation the court adjourned early on the first day and agreed to start the second day at 10:00 a.m. to accommodate the appearance of the medical witness who was also the only live witness left to be called by the appellant. The physician had been served with a subpoena prior to trial. However, at 10:00 a.m. the next morning the physician failed to appear. Appellant's counsel informed the court that the physician's office reported that the physician was in surgery and would be delayed. Counsel requested that the court permit him to call the physician at 2:00 p.m. and that the appellees be instructed to proceed with their testimony in the interim. The trial court denied this request and ordered counsel to proceed with the presentation of evidence.[1] Thereafter, counsel proceeded to offer various items in evidence and read portions of the absent physician's deposition and of another physician's deposition. Counsel also made several more requests for delay, all of which were refused by the trial court.
At 11:50 a.m., before appellant had rested her case, the physician witness appeared in court and the appellant called him as a witness. Appellees objected, their contention being that the physician's testimony would be cumulative of the deposition testimony already presented and that allowing the physician to testify would reward the dilatory tactics of appellant's counsel. The court sustained the objection and refused to allow the physician to be called as a witness. Thereafter, the appellant made a lengthy proffer as to what the testimony of the physician would have been and then rested her case. After appellees presented their evidence, which included the live and deposition testimony of medical experts, the case went to the jury and a defense verdict resulted.
We have examined the brief deposition of the physician taken by the appellees during which virtually no questions were asked by appellant's counsel and compared it with the proffer made by appellant. Based upon that examination we believe that the live testimony of the physician would not have been cumulative of the testimony already presented by deposition. Hence we do not believe appellees' objection on that ground was a sufficient reason to exclude the witness. Having made that determination we must decide whether it was proper to exclude the witness because of the alleged dilatory tactics of counsel.
Faced with a similar, although not identical situation, the Florida Supreme Court has ruled that a trial court's refusal to grant a delay in order to permit a witness to testify constituted an abuse of discretion. In Herbert v. Garner, 78 So.2d 727 (Fla. 1955), Justice Terrell stated for the court:
The sixth question has to do with the refusal of the trial court on the last day of the trial to take a recess from 3:30 P.M. to 9:30 A.M. the following morning in order that defendant could have the advantage of the testimony of one of the doctors who treated appellee when she was injured.
The case was tried at LaBelle, the doctor lived at Fort Myers, thirty miles away. He had been regularly summoned as a witness and would have been present but for the fact that he was engaged in a labor case and could not in justice to his patient leave her bedside. There may be factual instances in which this would not have been abuse of discretion but this was not such a case. Counsel for defendant did everything that the law requires to have the witness present and was entitled under the circumstances to have the adjournment. In our view the prejudicial evidence permitted to go to the jury and the court's refusal to let the doctor testify entitled defendant to a new trial. Id. at 729.
*1351 We believe a similar result is mandated here.
The right to present evidence and call witnesses is perhaps the most important due process right of a party litigant. Herbert v. Garner, supra. Indeed, without such a right a trial would be nothing more than a sham. Excluding the testimony of a witness is a drastic remedy which should be invoked only under the most compelling circumstances. Bradford v. State, 278 So.2d 624 (Fla. 1973); Clarke v. Sanders, 363 So.2d 843 (Fla.4th DCA 1978).
We recognize that the trial court has broad discretion to control the trial of cases before him. In Duran v. Neff, 366 So.2d 169 (Fla.3d DCA 1979), a trial court's ruling denying a request to continue trial proceedings into the evening hours in order to accommodate the appearance of a witness was upheld. In that case, for undisclosed reasons, the witness could not be produced the next day. Unlike the case at hand it was not demonstrated there that the witness was under subpoena and the party was apparently not prepared to compel the witness' appearance. Rather, it appeared that the extension of the court session was requested purely for the convenience of the witness. We agree with the decision in Duran but do not believe it controls the case at hand.
In this case the physician excluded was the only medical witness who connected the appellant's injury to the automobile accident involving the appellees and attributed permanent effects to the injury. His testimony was essential to appellant's case. The bare-boned discovery deposition of the physician taken by the appellees and presented in part to the jury did not include all of the essential testimony sought to be presented by the live testimony of the witness. Nor did it serve as an adequate substitute for the live appearance of the physician upon which the jury could make a valid determination of credibility in a trial which was largely a contest of experts.
Although there may be instances in which the conduct engaged in by counsel is such as to justify the exclusion of a witness, we do not believe this to be such a case. First, it appears that counsel had done everything within his legal power to secure the appearance of the witness.[2] Prior to the arrival of the witness, the court had not found that the conduct of counsel called for the imposition of sanctions. Further, it was neither alleged nor demonstrated that the appellees would be prejudiced by allowing the physician to testify. And, as is usually the case, it is appellant rather than counsel who would suffer the consequences of the exclusion of the witness.
On the other hand the trial court was properly concerned about counsel's representations as to the time of the physician's appearance, the physician's late appearance, and counsel's conduct in between. However, when the witness actually appeared prior to the time appellant closed her case, the court still had adequate authority to deal with any alleged misconduct of counsel and the witness, short of excluding the witness from testifying in appellant's behalf. We believe that even if the circumstances may have justified the imposition of sanctions against the attorney or the witness, they did not justify the imposition of the extreme sanction of excluding the appellant's most important witness.
We have considered the other contentions raised by the appellees and find them to be without merit.[3]
*1352 Accordingly, this cause is hereby reversed and remanded for a new trial in accordance with the terms of this opinion.
HERSEY, J., and FAGAN, OSEE, Associate Judge, concur.
NOTES
[1] The court also noted that counsel for appellant had indicated in an off the record exchange that he would utilize a deposition of the physician, taken by the appellees' counsel in discovery, if the physician did not appear.
[2] The attorney did not file the original return showing prior service of a subpoena on the physician until after the physician appeared. However, the fact that process was served on the witness was not disputed in the trial court or on appeal.
[3] For instance, the appellees assert that appellant has failed to demonstrate reversible error because the jury may have rejected her claim of negligence and never considered the issue of permanent injury or damages as required by the no fault statute. We do not believe this calls for the application of the two-issue rule enunciated in Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978). The appellant's claim was not predicated on multiple theories of responsibility and we do not believe the rule should be extended to require a claimant to specifically demonstrate the precise element of the cause of action the jury found lacking. To do so would require the use of an interrogatory type verdict in all cases detailing the elements of the claim and the defenses thereto. We do not believe this was contemplated by the Supreme Court in Scarbrough, supra. Moreover, appellant's proof of liability against appellees went unrebutted in the trial below and the trial court, after all the evidence had been presented, ruled that there was no evidence to support an affirmative defense of comparative negligence.