443 So.2d 283 (1983)
In re ESTATE OF Anna Virginia LOCHHEAD, a/k/a Anna V. Lochhead, Deceased.
Irvin Raymond Martz and Lucy Martz, Appellants,
v.
Margaret Louise Branam, the Personal Representative of the Estate of Anna Virginia Lochhead, Deceased, Appellee.
No. 83-39.
District Court of Appeal of Florida, Fourth District.
December 21, 1983.
Rehearing Denied February 1, 1984.
*284 John M. Bernazzoli of DeTardo, Longo & Bernazzoli, Hollywood, for appellants.
Jay M. Levy, of Hershoff & Levy, Miami, for appellee.
HERSEY, Judge.
This was a proceeding to revoke probate of a will. At trial, appellants, seeking to show lack of testamentary capacity and undue influence, attempted to call a medical witness whose name had not previously been disclosed to appellees. The trial court excluded the testimony of the witness by virtue of violation of the discovery rules. Final judgment upheld the will and this appeal ensued.
Appellants were served with interrogatories which contained the requirement that they furnish the "names and addresses of each and every witness to be called at trial." Their answers to interrogatories were filed February 25, 1982, listing various witnesses together with the notation "additional witnesses as needed." There was no objection or request for particulars in response to this answer, nor was there a pretrial conference or pretrial order.
After several continuances the matter came to trial in October 1982. Appellants unsuccessfully attempted to call a psychiatrist to counter the testimony of appellees' expert witness. They argue that the necessity for this testimony only became apparent a month before trial. They further argue that they had no obligation to disclose the name of the witness before trial in the absence of a pretrial order. Appellants strongly suggest that their answers to interrogatories were complete when filed so that there was no continuing duty to make discovery based upon Rule 1.280(e) of the Florida Rules of Civil Procedure. This is a correct interpretation of the rule. Binger v. King Pest Control, 401 So.2d 1310, 1312 n. 4 (Fla. 1981).
Exclusion of the testimony of a witness "is a drastic remedy which should be invoked only under the most compelling circumstances." LoBue v. Travelers Ins. Co., 388 So.2d 1349, 1351 (Fla. 4th DCA 1980).
The evidence produced in the trial court presented very close questions on the issues of undue influence and testamentary capacity. The testimony of appellees' medical expert undoubtedly was entitled to and was given great weight by the trier of fact. Under these circumstances it is clear that appellants' case was prejudiced by the inability to put on a countervailing medical view. While there was not a complete proffer of what his testimony would have been its importance can be gleaned from counsel's summary and argument. Appellants thus meet the burden of showing prejudice. First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 1983).
One laudable purpose of disclosure is to eliminate surprise and trial by ambush. King Pest Control v. Binger, 379 So.2d 660 (Fla. 4th DCA), aff'd, 401 So.2d 1310 (Fla. 1980). That purpose could have been achieved in this case by permitting appellees to depose the witness or simply by granting a continuance (particularly is this so where appellees never sought to compel a more explicit answer than "additional witnesses as needed.")
We therefore conclude that it was an abuse of discretion to exclude the testimony of appellants' psychiatric witness. This makes it unnecessary to consider the additional points on appeal. The final judgment is reversed and the cause remanded for a new final hearing.
REVERSED and REMANDED.
ANSTEAD, C.J., and DELL, J., concur.