479 So.2d 230 (1985)
Edwina H. DAVIS and Jeff V. Davis, Appellants,
v.
Gene H. PFUND, Irma Pfund, and the Insurance Company of North America, a Foreign Corporation, Appellees.
No. 85-810.
District Court of Appeal of Florida, Third District.
December 3, 1985.
Rehearing Denied December 30, 1985.
*231 Fred Butner, Key West, James C. Blecke, Miami, for appellants.
Papy, Poole, Weissenborn & Papy and John G. Poole, Jr., Coral Gables, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
We agree with the plaintiffs/appellants that it was error for the trial court to have excluded the plaintiffs' witness, James Elwood, from testifying. The trial court's stated reason for not permitting the testimony was that, following the pretrial conference and the closure of discovery, Mr. Elwood had returned to the scene of the accident and taken certain measurements in order to clarify his original drawings. The trial court concluded that Elwood's activity was in violation of its order closing discovery. Appellees have not offered, nor has our independent research disclosed, any authority for the proposition that an expert cannot continue to prepare materials (in this case, the drawings) or examine objects (in this case, an allegedly defective staircase) about which he is to testify. It was error, therefore, for the trial court to have prohibited Elwood from testifying on the ground that Elwood's activity constituted a violation of the court's discovery order. Cf. Dandashi v. Fine, 397 So.2d 442, 443 (Fla. 3d DCA 1981) (no authority in Florida for exclusion of testimony of expert witness where expert, without knowledge of counsel, discusses case with opposing party, who is also an expert). Exclusion of a witness's testimony "is a drastic remedy which should be invoked only under the most compelling circumstances." LoBue v. Travelers Insurance Co., 388 So.2d 1349, 1351 (Fla. 4th DCA 1980).
Because the trial court prevented a proffer of Elwood's testimony, we cannot determine the effect of this exclusion. We must presume that the exclusion was prejudicial, and, therefore, we reverse. See Musachia v. Terry, 140 So.2d 605, 608 (Fla. 3d DCA 1962). In view of our reversal on this point, we do not consider the other issue raised.
Reversed and remanded for a new trial.