485 So.2d 891 (1986)
Phyllis Dale MITCHEM, Appellant,
v.
Albert James GRUBBS, Appellee.
No. BE-225.
District Court of Appeal of Florida, First District.
April 1, 1986.
John Paul Howard, Jacksonville, for appellant.
Daniel D. Akel, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which appellee's child support obligation and visitation rights were modified after an ex parte hearing. We find that the court erred in proceeding ex parte as a sanction for appellant's failure to comply with a discovery order, and we therefore reverse the appealed order of modification.
The parties' marriage was dissolved by a dissolution decree which placed the custody of their minor child with appellant, and established appellee's child support obligation and entitlement to visitation at "reasonable times and places." Appellee subsequently moved for modification, seeking a reduction of child support and the establishment of specific visitation times. In connection with this motion for modification appellee requested that appellant produce various documents for discovery. Appellant *892 did not comply with the request, and the court eventually entered an order directing the production of the requested documents and cautioning that a failure to comply could result in appellant's pleadings being stricken and the matter proceeding ex parte. Appellant neither complied with, nor sought review of, the court's discovery order. Appellee moved for the imposition of sanctions, and the court then entered an order striking appellant's pleadings and directing that the action proceed ex parte.
At the hearing for modification appellee presented evidence and appellant's counsel was afforded an opportunity for cross-examination. But appellant was not allowed to present any affirmative evidence. Determining that appellee had established entitlement to modification, the court entered an order fixing more specific periods of visitation and reducing the child support obligation.
In accordance with Fla.R.Civ.P. 1.380(b)(2), upon a party's failure to obey a discovery order the court may impose sanctions including the striking of pleadings, prohibiting the introduction of evidence, and refusing to allow the presentation of a claim or defense. Although these are severe sanctions which should be employed only in extreme circumstances, their imposition is a matter within the discretion of the trial court. See generally Watson v. Peskoe, 407 So.2d 954 (Fla. 3d DCA 1982). However, while the sanction imposed in the present case was intended to penalize appellant, it may also have had the effect of precluding a complete consideration of the needs of the minor child. As indicated in Locklear v. Sampson, 478 So.2d 1113 (Fla. 1st DCA 1985), the proceeding should not be viewed "as if it were no more than a simple claim between private parties to enforce a monetary obligation." It is the child, who was not a party to the discovery violation, for whom the support is intended. The court could have insured that the child's interests and rights were safeguarded by a thorough presentation of evidence, and imposed one of the various other sanctions authorized by Rule 1.380(b). But by imposing sanctions inhibiting a full consideration of the rights and interests of the minor child in the present case the trial court abused its discretion.
The order appealed is reversed, and the cause remanded.
BOOTH, C.J., and SMITH, J., concur.