HENDRY, Judge.
Appellant Enrique Salvador Conde appeals an adverse final judgment entered pursuant to a jury verdict on his claim under the Jones Act for negligence, and his other claims for unseaworthiness of the vessel and maintenance and cure against appellee Marlu Navigation Co., Ltd. (Mar-lu).
At trial the following testimony elicited from Conde was undisputed: that he was employed by Marlu as a seaman; that he was on board a Marlu vessel when he fell from a ladder, thereby injuring himself; and that at the time of the accident, Conde was within the scope of his duties as a seaman, as he was following the orders of his superiors to bring welding bars from the deck area to the hatch below. While the foregoing testimony was undisputed, testimony relative to the sequence of events surrounding the accident, the extent of Conde’s injuries and his movements after the accident were strongly contested by witnesses for Marlu at trial.
Conde raises two contentions on appeal: first, that the trial court erred in allowing, over his objection, the testimony of Admiral Caesar De Wint; and second, that the court erred in instructing the jury on the issue of desertion. We find no error and affirm the final judgment appealed.
With regard to Conde’s first contention, we find that the trial court properly followed the pretrial order and the current law in permitting the impeachment testimony of De Wint. The pretrial order required opposing counsel to furnish a list of “all witnesses, except those used for impeachment or rebuttal.” Since De Wint’s testimony was solely for impeachment purposes, the trial court did not err in allowing him to testify over Conde’s objection. Exclusion of a witness is a drastic remedy which should be invoked only under the most compelling circumstances. Davis v. Pfund, 479 So.2d 230 (Fla. 3d DCA 1985), review denied, 491 So.2d 280 (Fla.1986); First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA), review denied, 441 So.2d 632 (Fla.1983); LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980), review denied, 397 So.2d 777 (Fla.1981).
With regard to appellant’s second contention, we hold the desertion instruction was proper as Conde had signed engagement articles with Marlu and was under an obligation to the Marlu vessel at the time he left the vessel. Conde’s justification for leaving the vessel was disputed at trial. The desertion and defense of desertion instructions permitted the jury to determine whether Conde’s absence from the ship was justified. Cf. Maritime Overseas Corp. v. Ebner, 697 F.2d 701, 703 (5th Cir.1983) (“Desertion” is a seaman’s uncontested abandonment of duty, by quitting the ship before termination of the engagement specified in the articles without justification and with the intention of not returning.)
Based upon the foregoing, the final judgment appealed is affirmed.
Affirmed.