STONE, Judge.
This is an appeal from a judgment entered following a non-jury trial, apportioning the respective degrees of negligence between a medical personnel pool and a hospital.
The hospital had answered interrogatories stating that there were three nurses on duty the night a patient suffered brain damage, allegedly as a result of negligent care. However, at trial the nurses testified, after reviewing patient charts, that four nurses had been present. The appellant claimed surprise, but its motions to strike the contradictory testimony were denied.
In In Re Estate of Lochhead, 443 So.2d 283 (Fla. 4th DCA 1983), this court determined that the exclusion of testimony was too drastic a remedy for the failure of a party to reveal the name of a witness before trial. We recognized that the court should first consider alternative measures which might be available and more appropriate to the situation. See also LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980).
Here the trial court had broad discretion. It could have stricken the testimony, but chose to consider the answers as prior inconsistent statements. The appellant did not request any other relief, although the trial judge gave considerable and thorough attention to its objection. Appellant could have sought a recess, a continuance, further discovery, or sanctions, but instead only demanded the striking of the witness’ testimony. Appellee also disputed the claim of surprise.
In recent years, few legal topics have received more exposure and consideration by our system than discovery abuse. The trial court had available a full range of remedies. However, there is no abuse of discretion in his determining not to grant the particular remedy sought by appellant.
We also find no error with respect to the other issues raised.
Affirmed.
LETTS, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.