PER CURIAM.
This cause is before us on appeal from a nonfinal circuit court order striking appellant’s defenses and holding him in default in a paternity proceeding. The record shows that on March 5, 1986, appellee filed a complaint naming appellant as her child’s father, which appellant denied. Shortly thereafter, appellant agreed to entry of a consent order requiring an HLA blood test to determine paternity. Appellant then *230 lost contact with his attorney for six months, missing three scheduled tests. Apparently, appellant provided his attorney with the correct name of his apartment complex but an incorrect address. His telephone was later disconnected, and he stopped working at his place of employment. Appellant made no attempt during the six-month lapse to contact his attorney, and his attorney was unable to reach him. Appellant ultimately telephoned his attorney to inquire about his case ten days after a motion for sanctions was filed. At hearing, appellant explained that his failure to appear was unintentional and that he never received actual notice of the tests. Similarly, he swore that he had never received a copy of the consent order requiring him to appear for HLA testing. He apologized and indicated his willingness to proceed with the test.
After considering the circumstances, the trial court struck appellant’s defenses and allowed appellee to proceed upon default. This appeal followed.
Under Mercer v. Raine, 443 So.2d 944 (Fla.1988), default is an appropriate sanction in situations involving deliberate and contumacious disregard of court authority, bad faith, willful disregard, gross indifference to a court order, or conduct evincing deliberate callousness. See Mercer at 946-47.
Although appellant’s conduct certainly approaches indifference or bad faith, this court is mindful that this action concerns a determination of paternity. We have previously held that the unique consequences flowing from a paternity determination require special care in applying the ultimate sanction of default. As stated in Mitchem v. Grubbs, 485 So.2d 891, 892 (Fla. 1st DCA 1986), “[i]t is the child, who was not a party to the discovery violation, for whom the support is intended.” As appellant’s initial address error may have been inadvertent, and because he reestablished contact and indicated his willingness to cooperate with the HLA testing, we find that the trial court abused its discretion.
Although we do not believe this case demonstrates the degree of fault necessary to justify a default sanction in a paternity suit, this does not foreclose the trial court from imposing other penalties on remand. At the court’s discretion, it may require appellant to pay all test costs and any other costs necessitated by his neglect, or enter such other sanctions as it deems appropriate.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
BOOTH and WENTWORTH, JJ., and BEN C. WILLIS (Retired), Associate Judge, concur.