541 So.2d 687 (1989)
PHOTO 60 OF MIAMI INTERNATIONAL, Appellant,
v.
Warrick ROUNDTREE and Kathy Roundtree, Appellees.
No. 88-979.
District Court of Appeal of Florida, Third District.
March 21, 1989.
Rehearing Denied May 8, 1989.
Ponzoli & Wassenberg, P.A., and Steven B. Sundook, Miami, for appellant.
Marks & Marks, P.A., and Carl A. Borgan, Fort Lauderdale, Cooper, Wolfe & Bolotin, P.A., and Marc Cooper and Joan M. Bolotin, Miami, for appellees.
Before SCHWARTZ, C.J., BARKDULL and JORGENSON, JJ.
JORGENSON, Judge.
Photo 60 of Miami International appeals the trial court's order denying its motion for a new trial following an adverse jury verdict on a claim of negligence. For the following reasons, we reverse.
The plaintiff below, Warrick Roundtree, concluded his case after 11:00 a.m. on the third and last day of trial after eliciting lengthy testimony from several physicians concerning his physical condition and degree of disability. Photo 60 represented to the trial court that its sole witness, a physician who had examined Roundtree, would be present to testify at 1:15 p.m. Photo 60 requested that the trial court extend the jury's lunch recess by one hour to allow Photo 60 to call its witness. The trial court refused although it permitted a proffer of the physician's report.
While it is true that a trial court is accorded broad latitude in the control of cases, Duran v. Neff, 366 So.2d 169 (Fla. 3d DCA 1979), "[e]xcluding the testimony of a witness is a drastic remedy which should be invoked only under the most compelling circumstances." LoBue v. Travelers Ins. Co., 388 So.2d 1349, 1351 (Fla. 4th DCA 1980) (citations omitted), rev. denied sub nom, Burnes v. Stafford-LoBue, 397 So.2d 777 (Fla. 1981). See also Herbert v. Garner, 78 So.2d 727 (Fla. 1955). *688 In LoBue, the plaintiff in a personal injury action was prohibited from calling her physician as a witness after the physician failed to appear in court at the appointed hour. The trial court did allow the plaintiff to make a lengthy proffer of the physician's testimony. Speaking through Judge Anstead, our sister court reversed, finding that the proffer was not "an adequate substitute for the live appearance of the physician upon which the jury could make a valid determination of credibility in a trial which was largely a contest of experts." LoBue, 388 So.2d at 1351.
Based upon their clinical observations, all of Roundtree's medical experts asserted that Roundtree had extensive permanent injuries despite the fact that no fewer than seven objective tests  four CAT scans, two blood flow studies, and a thermogram  showed negative, normal results. Had he been permitted to testify, Photo 60's expert witness would have offered his own observations and impressions of Roundtree's condition. His testimony would have directly contradicted the diagnosis and prognosis of Roundtree's medical experts. By refusing to extend the lunch recess even one hour, the trial court deprived the jury of the only evidence and testimony essential to Photo 60's defense. The trial court's action was an abuse of discretion and reversible error. Herbert; LoBue. Accordingly, we reverse and remand for a new trial.
Reversed and remanded for a new trial.