BOOTH, Judge.
This cause is before us on appeal of an order finding that appellee was not the father of appellant’s son. Appellant argues that this ruling was error and that the trial court further erred in excluding the results of a human leukocyte antigen (HLA) blood test. For the following reasons, we reverse.
The record reflects that the parties submitted to several blood tests in order to determine paternity. The first was conducted by the University of Florida. It concluded that because the child possessed a rare antigen not found in either of the parties, someone other than appellee had to have been the father. That blood group factor was “HLA-B-48," normally found only in Eskimos.
Roche Biomedical Laboratories (Roche) conducted a second test several months later. Roche concluded that because the child had none of the “grandfather” antigens from which HLA-B-48 was derived, the child could not have HLA-B-48. Roche ultimately determined that not only was it impossible to exclude appellee, but the probability of his paternity was 99.46 percent. Unfortunately, Roche only tested for the grandfather antigens and did not specifically test for HLA-B-48.
The conflict between the two tests was obvious. To resolve it, the trial court ordered Roche to perform another test directly checking for HLA-B-48. This test was performed. Roche concluded that the antigen was not present, and reiterated a 99.46 percent probability of paternity. However, the trial court refused to allow appellant to submit the test into evidence due to counsel’s failure to provide appellee with a copy of the test results prior to the final hearing.
Florida Rule of Civil Procedure 1.360(b)(1) provides that when a party is required to submit to medical testing under a court order, that party may request a copy of any medical report made pursuant to the exam. Once the request is made, the party causing the examination shall deliver a copy of any report. Failure to do this permits the requesting party to file a motion to compel production. The record reflects that appellee requested a copy of the second Roche test report but never received one. The trial court concluded *367 that appellant’s counsel was responsible for this omission and excluded the test results as a sanction.
A trial court’s decision to exclude evidence under Rule 1.360 is subject to review for abuse of discretion. Bill Kelley Chevrolet, Inc. v. Kerr, 258 So.2d 280 (Fla. 3d DCA 1972). While the record supports the court’s conclusion that appellant’s counsel failed to provide appellee with the test, the record also reflects that appellee never filed a motion to compel. Appellee also made no attempt to demonstrate any surprise or prejudice caused by the omission.[1]
In actions determining paternity or child support, this court has held that the needs of the minor child require a more lenient standard for imposing discovery and default sanctions. Locklear v. Sampson, 478 So.2d 1113 (Fla. 1st DCA 1985); Mitchem v. Grubbs, 485 So.2d 891 (Fla. 1st DCA 1986); Vaught v. Mercer, 513 So.2d 229 (Fla. 1st DCA 1987). As stated in Mitchem, “[i]t is the child, who was not a party to the discovery violation, for whom the support is intended.”
The third blood test was obviously critical evidence necessary to resolve the diametrically opposed conclusions of the first two. Exclusion of a witness’s testimony is generally “a drastic remedy which should be invoked only under the most compelling circumstances.” Lobue v. Travelers Insurance Company, 388 So.2d 1349, 1351 (Fla. 4th DCA 1980); In re Estate of Lochhead, 443 So.2d 283, 284 (Fla. 4th DCA 1983). This is true even where the exclusion was provoked by counsel’s tactics, see Lobue, supra, at 1350-1351, provided the testimony was essential to the party’s case and the other side would not be prejudiced. Those two factors are present in the instant case, and under Locklear, Vaught, and Mitchem, supra, the grounds for exclusion must be at least as strong if not stronger.
Under the circumstances, we conclude that the trial court abused its discretion in imposing the drastic remedy of complete exclusion. We reverse and remand for a new trial in which all three reports must be admitted into evidence.
JOANOS and MINER, JJ., concur.

. In fact, the doctor who prepared the report testified that he had telephoned appellee’s counsel and discussed the test results with him. The extent of this discussion was disputed, however.