563 So.2d 807 (1990)
S.Y., a Child, Petitioner,
v.
Jim McMILLAN, Sheriff of Duval County, the Honorable Alban E. Brooke and Robert M. Foster, Circuit Judges for the Fourth Judicial Circuit of the State of Florida and the State of Florida, Respondents.
No. 89-3313.
District Court of Appeal of Florida, First District.
June 26, 1990.
Rehearing Denied July 23, 1990.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., for respondents.

ON PETITION FOR WRIT OF HABEAS CORPUS
PER CURIAM.
S.Y., a juvenile, files a petition for writ of habeas corpus, challenging the conditions of his detention. We treat the petition as one for a writ of certiorari and deny the relief requested.
In the Fourth Judicial Circuit, two judges are assigned to juvenile court. The two judges, Judge Brooke and Judge Foster, *808 have a general policy that all juveniles held in secure detention are to be shackled during all court appearances. No individual hearing is held to determine if shackling is necessary to prevent escape or disruptive behavior. In the trial court, petitioner filed a motion to prohibit shackling. Similar motions were filed by juveniles in five other cases. The circuit court decided the matter presented by petitioner's motion would be considered and heard as a class action with petitioner being representative of the class. The circuit court judges, sitting en banc, conducted a hearing on the motion. An order denying the motion was entered and it was signed by both judges. It is this order that petitioner seeks to quash.
At oral argument, counsel for both parties waived any procedural or jurisdictional defect and urged consideration by this court on the merits. We note, however, the unusual procedures followed by the court below. First, the circuit court inexplicably treated the motion to prohibit shackling as a class action suit. The underlying proceeding before the circuit court was one pursuant to the Rules of Juvenile Procedure. The class action rule is contained in the Rules of Civil Procedure, Rule 1.220. Additionally, Judge Brooke and Judge Foster sat en banc to hear this case and entered one order, which they both signed. Counsel for respondent conceded at oral argument that the Chief Judge of the Fourth Circuit had not issued an administrative order to authorize this en banc proceeding. However, because neither party regards the en banc procedure followed here as jurisdictional, and because no prejudice to either party has resulted, and the task of this court as the reviewing court has not been substantially impacted, we express no opinion whether the order reviewed is procedurally defective by reason of its issuance as the order of two trial judges, rather than a single judge.
Although we question the propriety of the issuance of a blanket order in the manner in which it was done in this case, we nevertheless find insufficient grounds for intervention by this court by means of the discretionary writ of certiorari. Petitioner has cited numerous cases for the proposition that a defendant has the right to appear in court without shackles. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Zygadlo v. Wainwright, 720 F.2d 1221 (11th Cir.1983); State v. Hartzog, 96 Wash.2d 383, 635 P.2d 694 (1981). The general right to be free of shackles during court proceedings is predicated on the constitutional guarantee of presumption of innocence, including the physical indicia of innocence. United States v. Samuel, 431 F.2d 610 (4th Cir.1970); Kennedy v. Cardwell, 487 F.2d 101 (6th Cir.1973). All of the cases cited by petitioner involve a direct appeal or collateral attack by an adult defendant from a conviction by a jury. The issue raised in each of those cases is the right of the defendant to appear unshackled before the jury. The right to appear unshackled before a jury is not an issue applicable to juvenile proceedings in Florida. The circuit court has exclusive jurisdiction of proceedings involving juveniles. Section 39.02(1), Florida Statues. By their very nature, juvenile proceedings are conducted before the circuit court judge without a jury. The criteria for the use of shackles has been established in cases involving the prejudicial effect of the shackling of a defendant in front of a jury. This case obviously must be governed by different criteria.
Under the order entered below, the use of shackles during court appearances is limited to juveniles who are being detained pursuant to Section 39.032, Florida Statutes. The criteria for secure detention is narrow and a juvenile who is detained has already been determined to meet that criteria. We note that petitioner does not challenge the use of shackles during the transportation of juveniles to and from the courthouse, nor within the courthouse. Here, petitioner challenges only the use of shackles during the actual courtroom appearance before the circuit court judge.
The order sought to be reviewed is in the nature of an administrative order. The trial court considered testimony from the Chief Bailiff during the hearing on the motion to prevent shackling. He stated *809 that the use of shackles had a positive effect on the security and decorum in the courtroom. Additionally, fights among the juveniles and escape attempts had decreased. A court has the inherent power to control the conduct of its own proceedings in order to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and to generally further the administration of justice. St. ex rel. Gore Newspapers Co. v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975). The mode of trial court practice and procedure is a matter largely within the discretion of trial judges. Piver v. Birman, 311 So.2d 675 (Fla. 4th DCA 1975).
The standard for review of a petition for writ of certiorari is a departure from a clearly established principle of law resulting in a miscarriage of justice which cannot be remedied on direct appeal. Combs v. State, 436 So.2d 93 (Fla. 1983); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). Petitioner has failed to met this standard and the petition for writ of certiorari is denied. This disposition is without prejudice to seek review on direct appeal or to pursue other available remedies. WRIT DENIED.
ERVIN, SMITH and NIMMONS, JJ., concur.