566 So.2d 277 (1990)
LOUISVILLE SCRAP MATERIAL COMPANY, INC., Appellant,
v.
PETROLEUM PACKERS, INC., Appellee.
No. 89-02936.
District Court of Appeal of Florida, Second District.
July 13, 1990.
Rehearing Denied September 6, 1990.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
John J. Agliano and Jennifer A. Phelan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellee.
RYDER, Judge.
Louisville Scrap Material Company, Inc. challenges the trial court's order finding that it committed voluntary waste and the amount of damages awarded Petroleum Packers, Inc. in this breach of lease/negligence action. We affirm the trial court's finding that Louisville Scrap caused damage to the leased property, but reverse as to the amount of damages.
Louisville Scrap maintained a scrap business on property which it leased from Petroleum Packers. During the time that Louisville Scrap operated its business on the subject property, a portion of the seawall on the property was damaged. Although the trial court found that Louisville Scrap breached no duty, it did find that Louisville Scrap caused the damage to the seawall. The trial court awarded damages in the amount of $63,000.00 to Petroleum Packers. This represents the amount that Petroleum Packers paid to have the seawall repaired and restored.
Because we hold the trial court correctly found Louisville Scrap liable for the damage to the property, we will not address the issue regarding voluntary waste, but will concentrate on the other relevant issues raised.
The pretrial order, in this case, directed that all discovery be completed before the pretrial conference. The pretrial conference was scheduled for June 12, 1989, ten days prior to trial. There was no requirement in the pretrial order that the parties provide a list of witnesses.
On May 5, 1989, Louisville Scrap received interrogatories from Petroleum Packers which requested the names of any expert witnesses Louisville Scrap would introduce at trial, and the subject matter on which they would testify. Louisville Scrap handdelivered the answers to the interrogatories to Petroleum Packers on June 12, at the pretrial conference. Listed as an expert witness for Louisville Scrap was Stephen Sonnenfeld, P.E. The interrogatories *278 state that the subject matter on which Sonnenfeld would testify would be, among other things, the extension of the useful life of the seawall as a result of the repairs and restoration.
The pretrial conference order permitted further discovery depositions, including the deposition of Sonnenfeld, along with "other witnesses disclosed at or after pretrial." No objection was made to discovery pending at the time of the pretrial conference. After the pretrial conference, the deposition of Sonnenfeld was scheduled for June 19, 1989. On June 21, Petroleum Packers filed a motion in limine to prevent Louisville Scrap from being permitted to call its expert witness. The motion alleges that Petroleum Packers was prejudiced by not having Sonnenfeld's name until the day of pretrial. At trial, the court granted the motion based on the fact that the pretrial order stated that all discovery was to be completed by the pretrial conference. Counsel for Louisville Scrap asked for a continuance, which was denied.
At trial, two of Petroleum Packer's four experts commented on the useful life of the seawall while testifying about the cause of damage. There was testimony that this seawall had a useful life of thirty years and it had fifteen years remaining at the time of repairs. Louisville Scrap used this testimony to argue that it should not be required to pay damages for a new seawall, when the old one still had a useful life of fifteen years. The court ruled that because Louisville Scrap did not introduce "direct" evidence on this depreciation issue, that it was not properly before the court. Louisville Scrap argues that because they were not permitted to have their one and only expert testify, they had no way of introducing evidence of depreciation at trial.
Excluding the testimony of a witness is a drastic remedy and should be invoked only under the most compelling circumstances. LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980), review denied, 397 So.2d 777 (Fla. 1981). Petroleum Packers received the expert's name at the pretrial conference, and had time to depose him and, in fact, did depose him. This is not a case where a party was taken by surprise regarding witness testimony, at the time of trial, or was not aware of what would be the subject matter of the testimony prior to trial. Petroleum Packers argues that it did not have enough time to obtain a rebuttal expert and, therefore, was prejudiced. Petroleum Packers, however, already had four experts ready to testify at trial.
This case can be distinguished from Acquisition Corp. of America v. American Cast Iron Pipe Co., 543 So.2d 878 (Fla. 4th DCA 1989). In Acquisition Corp., the party did not have information as to the content of the expert testimony until the day before trial. Here, Petroleum Packers had knowledge of the expert and the subject matter of his testimony at least ten days before trial. They deposed him four days prior to trial. Petroleum Packers was not prejudiced by not having the expert's name until pretrial, because they still had time to depose him and prepare for trial concerning his testimony. The prejudice involving witness testimony refers to the "surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony." Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981).
The trial court based the exclusion of the expert testimony on the fact that the pretrial order required all discovery to be completed before the pretrial conference. The trial court, however, disregarded its subsequent order (pretrial conference order) allowing further depositions. For this reason, along with the fact that Petroleum Packers was not prejudiced, it was an abuse of discretion to exclude the testimony of this expert. Louisville Scrap shall be permitted to introduce the testimony of its expert concerning depreciation of the seawall as it relates to damages. Accordingly, the finding of liability on the part of Louisville Scrap is affirmed, but the award of damages is reversed and the case is remanded for proceedings consistent with this opinion.
*279 Affirmed in part, reversed in part and remanded.
SCHEB, A.C.J., and LEHAN, J., concur.