626 So.2d 291 (1993)
Harold D. MALL and Mary A. Mall, his wife, Appellants,
v.
Scott PAWELSKI and Laurie Pawelski, his wife, Appellees.
No. 92-2753.
District Court of Appeal of Florida, Fourth District.
November 3, 1993.
*292 Michael David McDonough, West Palm Beach, for appellants.
Lawrence M. Fuchs of Fuchs, Jones & Morris, P.A., Royal Palm Beach, for appellees.
PER CURIAM.
We affirm the final judgment in favor of appellees in all respects, except we reverse and remand as to the amount of damages awarded by the trial court.
Appellees purchased a seventeen-year-old house with a seventeen-year-old roof from appellants. Although the old roof began leaking shortly after appellees moved into the house, appellees waited two years and then replaced the entire roof. The new roof had a twenty to twenty-five year guarantee. Because the old roof was near the end of its life expectancy, the trial court erred in awarding appellees the cost of the new roof. The new roof gave appellees a roof for which they did not bargain. Therefore, to allow full recovery for the cost of the new roof unjustly enriches appellees. Under these circumstances, we believe that the proper measure of damages is the replacement cost of the roof, prorated to account for the increased life expectancy of the new roof. Cf. Louisville Scrap Material Co. v. Petroleum Packers, Inc., 566 So.2d 277, 278 (Fla. 2d DCA 1990); Doell v. Lachney, 544 So.2d 519, 523 (La. App. 1989). Accordingly, we affirm the final judgment in favor of appellees, but we reverse and remand as to the amount of damages only.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
GUNTHER and PARIENTE, JJ., and DOWNEY, JAMES C., Senior Judge, concur.