PER CURIAM.
The trial court erred in striking the entire testimony of plaintiffs expert. The name and address of the expert were timely disclosed and plaintiff supplied the defense with the expert’s report. The defense did not depose the expert or propound expert interrogatories. The defense claim of surprise is based on an unreasonable reading of the written report. Even assuming a discovery violation, the court’s remedy was excessive under Keller Indus. v. Volk, 657 So.2d 1200 (Fla. 4th DCA 1995).
However, upon review of the entire record, we find the error to be harmless. See § 59.041, Fla. Stat. (1997). The expert was a neurosurgeon who examined the plaintiff one time at the request of the plaintiffs attorney. A chiropractor and an orthopedic surgeon both testified that the plaintiff suffered a permanent injury as a result of the accident, they gave him a disability rating, and they described the future care which would be necessary. This was not a case where “the physician excluded was the only medical witness who connected the appellant’s injury to the automobile accident ... and attributed permanent effects to the injury.” LoBue v. Travelers Ins. Co., 388 So.2d 1349, 1351 (Fla. 4th DCA 1980).
AFFIRMED.
GUNTHER, GROSS and HAZOURI, JJ., concur.