SORONDO, J.
Craig Brand (Brand) and Yale L. Galan-ter (Galanter) appeal the lower court’s final order directing them to disgorge funds, and the court’s denial of their emergency motion to vacate the order to disgorge for lack of jurisdiction, rehearing and/or reconsideration.
In October 1999, Old Republic National Title Insurance Company (Old Republic) terminated its relationship with Trans America Title, Inc. (Trans America), its policy issuing agent, amidst allegations that Trans America had failed to satisfy outstanding mortgages and liens, as well as various recording fees and real estate taxes.
In early November 1999, Old Republic demanded to inspect Trans America’s escrow bank account records.[1] Trans America failed to do so, and retained attorneys Brand and Galanter to represent it in connection with Old Republic’s allegations of misconduct. The parties agreed to appoint attorney Larry Saichek (Saichek) as receiver to obtain the records concerning the closings handled by Trans America and its owner and registered agent, Margarita Leyva (Leyva).
Trans America provided Saichek with about seventy files on November 12, 1999. A review of these files revealed that Trans America and Leyva had incurred a deficit of approximately $380,000.00.
On November 16, 1999, Brand and Ga-lanter each received a cashier’s check from Trans America in the amount of $5,000.00 and $10,000.00, respectively, as a retainer for legal services to be rendered.
Two days later, Old Republic filed suit against Trans America, Leyva, Republic Security Bank and Nations Bank, for an accounting and injunctive relief relating to real estate closings handled by Trans America and Leyva.[2] Old Republic also filed an ex parte motion for temporary injunction, appointment of a receiver, and expedited discovery. The trial court granted the motion for temporary injunction, in pertinent part, to avoid potential misappropriation of escrow funds of innocent third parties. The court enjoined all financial institutions, in which Trans America maintained an account, from allowing Trans America to withdraw, use, transfer or otherwise dispose of any monies, except by order of the court or upon instructions by any receiver appointed in the case.
On December 8, 1999, the trial court formally appointed Saichek as receiver, over Brand’s objection. The court ordered *645 Saichek to take control of Trans America’s funds and assets and to determine the status of pending and closed transactions and the whereabouts of the escrow funds.
In response to the order, Saichek filed a report advising the court that on November 16, 1999, Brand and Galanter had each received a check from Trans America’s operating account for $5,000.00 and $10,000.00, respectively, which were subsequently converted to cashier’s checks. Saichek traced the source of the funds to one of Trans America’s escrow accounts. He recommended that the court instruct Brand and Galanter to return the money immediately. Saichek noted that he had been introduced to Leyva and Brand four days before the checks were issued.
Thereafter, Old Republic filed a motion requesting that Brand and Galanter disgorge the escrow funds that Trans America and Leyva had given to them, on the grounds that the funds had been improperly transferred from Trans America’s escrow account at Republic Security Bank. The trial court held a non-evidentiary hearing on the motion to disgorge, where it reviewed the file, Old Republic’s motion, and heard argument from counsel. The court granted Old Republic’s motion, finding that the money had been improperly transferred from the escrow account and misappropriated.
Brand and Galanter filed an emergency motion to vacate the order to disgorge for lack of jurisdiction, and for rehearing/or reconsideration. The trial court denied the motion, and this appeal ensued.
I. Jurisdiction
Brand and Galanter contend that the trial court lacked jurisdiction over them for purposes of ordering them to disgorge the $15,000.00 they received from Trans America and Leyva as payment for their legal fees. We disagree and find that the trial court had the discretion to exercise its inherent power over Brand and Galanter to administer justice in the underlying action.
Courts have the inherent power to do all things that are reasonably necessary to administer justice within the scope of their jurisdiction, subject to existing laws and constitutional provisions. Rose v. Palm Beach County, 361 So.2d 135, 137 (Fla.1978). “Inherent power has to do with the incidents of litigation, control of the court’s process and procedure, control of the conduct of its officers, and the preservation of order and decorum with reference to its proceedings.” Petition of Florida Bar, 61 So.2d 646, 647 (Fla.1952); S.Y. v. McMillan, 563 So.2d 807, 809 (Fla. 1st DCA 1990); Miami Herald Publ’g Co. v. Collazo, 329 So.2d 333, 336 (Fla. 3rd DCA 1976); see also Bank of Hawaii v. Kunimoto, 91 Hawaii 372, 984 P.2d 1198, 1219 (1999) (upholding lower court’s exercise of inherent power to promote justice in pending matter by directing out of state attorneys, who were not parties to the suit and had appeared before the court only on behalf of their client, to disgorge funds from sale of stock received as payment for their legal fees). Such power, however, must be exercised with sound judicial discretion. Collazo, 329 So.2d at 336.
Here, the trial court was faced with allegations that a portion of the escrow funds at issue in the underlying action had been misappropriated by Brand and Ga-lanter, the attorneys appearing before it on behalf of Trans America and Leyva. The court chose to exercise its inherent power to sanction the attorneys in an effort to regain control of the escrow funds. In doing so, we find the trial court acted as was reasonably necessary to preserve its authority and ability to grant effective relief in the underlying suit.
*646 II. Conversion
The question that remains is whether Brand and Galanter were entitled to an evidentiary hearing on the issue of their intent to convert the escrow funds.
Conversion is an unauthorized act that deprives another of his or her property,[3] permanently or for an indefinite period of time. Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1160-61 (Fla. 3d DCA 1984). The essence of conversion, however, is not the possession of property by the wrongdoer, but rather such possession in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property. Senfeld, 450 So.2d at 1161; see Wilson Cypress Co. v. Logan, 120 Fla. 124, 127, 162 So. 489, 490-91 (Fla.1935) (conversion consists of a taking with intent to exercise ownership inconsistent with owner’s right of possession).
In this case, the trial court found, without the benefit of an evidentiary hearing, that Brand and Galanter had misappropriated escrow funds that Trans America and Leyva had held in trust for third parties. Upon review of the record, however, we do not find sufficient evidence to support the trial court’s findings. The record shows that at the time Brand and Galanter accepted the $15,000.00 from Trans America and Leyva, there was no injunction in effect, nor had a receiver been formally appointed to the case. Moreover, absent from the record is any sworn proof that Brand and Galanter took receipt of the $15,000.00 knowing it had been transferred from Trans America’s escrow account.
In light of the record before us, we find an evidentiary hearing is needed to determine if Brand and Galanter acted with intent to deprive those entitled to possession of the escrow funds, of the $15,000.00. Accordingly, we reverse the trial court’s order of disgorgement, and remand for proceedings consistent with this opinion.
Reversed and remanded.

. The record indicates that Trans America maintained escrow accounts at Republic Security Bank and Nations Bank, in connection with the real estate closings it handled for Old Republic. The funds deposited in these accounts were to be disbursed pursuant to the terms of the closings.

. In April 2000, Old Republic amended the complaint to include counts for breach of contract, conversion and unjust enrichment against Trans America and Leyva.

. Money is subject to conversion, where it consists of a specific amount capable of identification. Belford Trucking Co. v. Zagar, 243 So.2d 646, 648 (Fla. 4th DCA 1970).