78 So.3d 709 (2012)
SUNTRUST BANKS, INC., Appellant,
v.
CAUTHON & McGUIGAN, PLC, Appellee.
No. 1D11-3451.
District Court of Appeal of Florida, First District.
February 2, 2012.
*710 John R. Stump and Douglas C. Spears of Stump, Dietrich & Spears, P.A., Orlando, for Appellant.
G. Ray Cauthon, III, Gainesville, for Appellee.
PER CURIAM.
Appellant, SunTrust Banks, Inc., seeks review of the trial court's Order on Emergency Motion for Temporary Injunctive Relief. Appellant argues that the trial court erred in issuing a temporary injunction and in ordering Appellee, Cauthon & McGuigan, PLC, to post a bond that was inadequate as a matter of law. Finding merit only in the first argument, we reverse.
Appellee, the alleged victim of what has been described as a "Nigerian scam," received a check for $289,500 for a purported client from her supposed ex-husband in what Appellee believed to be a partial satisfaction of a marital settlement agreement. Attorney Cauthon, one of Appellee's owners and partners, deposited the check into his client trust fund account held by Appellant. After allegedly being told by two of Appellant's employees that the check had cleared, Mr. Cauthon authorized *711 a wire transfer of the funds to his purported client. When Appellant discovered that the check was fraudulent, it seized $78,862.01, the balance of Appellee's client trust fund account. Appellee sued Appellant for fraudulent misrepresentation and negligence and sought an injunction, requesting that Appellant be forced to return the seized funds. The trial court, relying heavily on the fact that the funds in the trust account belonged to Appellee's clients, granted injunctive relief, ordered that the funds be returned to Appellee and that Appellee post a bond, and denied Appellant's request for a stay. This appeal followed.
Before issuing a temporary injunction, a trial court must determine that the petition or pleadings demonstrate a prima facie, clear legal right to the relief requested. St. Johns Inv. Mgmt. Co. v. Albaneze, 22 So.3d 728, 731 (Fla. 1st DCA 2009). To demonstrate a prima facie case for a temporary injunction, the petitioner must establish four factors: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) that a temporary injunction would serve the public interest. Id. The petitioner has the burden of providing competent, substantial evidence satisfying each of these elements. Id. An appellate court's review of a ruling on a temporary injunction is hybrid in nature in that legal conclusions are reviewed de novo while factual findings implicate the abuse of discretion standard. Id.
While we understand the trial court's concern for Appellee's clients, Appellee failed to establish the likelihood of irreparable harm, the unavailability of an adequate remedy at law, and a substantial likelihood of success on the merits. Not only could Appellee's clients have filed suit against Appellee as a result of any negligence or breach of fiduciary duty on Appellee's part, see, e.g., Kenet v. Bailey, 679 So.2d 348 (Fla. 3d DCA 1996), but also, Appellant had the right, both pursuant to statute and the parties' contract, to "charge back" Appellee's account when it did not receive final settlement for the check. See § 674.2141(1), Fla. Stat. Moreover, through its acceptance of Appellant's Rules and Regulations for Deposit Accounts, Appellee acknowledged and agreed that "neither [Appellant] nor any of its employees or agents will be liable for any statement ... that an item, including a check[,] has been paid, has cleared or will not be returned or that such item or check is or was `good' or any other statement of a similar nature." The dissent, by relying on the trial court's finding of negligence, overlooks Appellee's agreement on this point and the fact that Appellee failed to establish a substantial likelihood of success on the merits as a result of such.
Because Appellee failed to establish the necessary elements for the issuance of a temporary injunction, the trial court erred in granting injunctive relief. Accordingly, we REVERSE.
DAVIS and VAN NORTWICK, JJ., concur; THOMAS, J., dissents with opinion.
THOMAS, J., dissenting.
I respectfully dissent.
First, I note that the majority opinion fails to properly recognize the standard of review applicable to a trial court's order granting a temporary injunction, to wit: the order "is presumed to be correct and will not be overturned absent a clear abuse of discretion." 3299 N. Federal Hwy., Inc. v. Board of County Comm'rs of Broward County, 646 So.2d 215, 220 (Fla. 4th DCA 1994) (emphasis added); see also Forrest v. Citi Residential Lending, Inc., 73 So.3d *712 269, 275 (Fla. 2d DCA 2011) ("Our review of orders granting temporary injunctions is for abuse of discretion."). Thus, our authority in this case is not to substitute our preferred judgment for the trial court, but to reverse only if the order granting a temporary injunction protecting innocent third parties' trust funds was a clear abuse of discretion. The order here was not an abuse of discretion under the facts of this case, in my view; thus, this court should affirm the injunction.
In Brand v. Old Republic National Title Insurance Co., the trial court granted an ex parte temporary injunction "in pertinent part, to avoid potential misappropriation of escrow funds of innocent third parties." 797 So.2d 643, 644 (Fla. 3d DCA 2001). Similarly, here, the trial court was faced with an emergency in which the propertytrust funds belonging to Appellee's clientswould have been seized by Appellant.
The trial court's order is supported by an undisputed fact: the trust account "contained funds belonging to clients who are wholly unconnected to the controversy at issue." (Emphasis added.) In addition, the trial court properly determined that it "is a matter of great public importance that client funds held in trust by an attorney should be protected under circumstances similar to those in the instant matter."
What is particularly egregious here is that Appellant's "employees ... acted negligently in effecting the wire transfer at issue, and that [Appellee] reasonably relied on representations from [Appellant's] employees that the $289,500.00 check deposited by [Appellee] into [its] trust account on August 31st, 2010 had been cleared." Thus, due to Appellant's negligence, the trial court faced an emergency involving the risk of losing the property of innocent third parties. It is undisputed that Appellant's employees informed Appellee that the money was available in the trust fund to effectuate the wire transfer, thus leading to the catastrophic loss of funds belonging to innocent third parties, Appellee's clients.
Most importantly, the trial court found that these innocent third parties had no adequate remedy at law "in that those clients require immediate access to their funds in order to satisfy pending medical liens and other costs." (Emphasis added.) Unlike a typical case in which monetary losses might not be considered a proper basis for injunctive relief, here, innocent third parties were involved who could not otherwise be adequately protected, as their need to access their property was immediate.
By reversing the trial court's order granting a preliminary injunction, the majority opinion will allow financial institutions to disregard the rights of innocent third parties whose funds are held in trust. As it was Appellant which acted negligently, not Appellee's innocent clients, it is the clients who should be protected until this matter is finally resolvednot Appellant.
I dissent from the majority opinion, which incorrectly reverses the trial court's order granting the temporary injunction to protect Appellee's clients' trust funds.