THOMAS, J.,
dissenting.
I respectfully dissent.
First, I note that the majority opinion fails to properly recognize the standard of review applicable to a trial court’s order granting a temporary injunction, to wit: the order “is presumed to be correct and will not be overturned absent a clear abuse of discretion.” 3299 N. Federal Hwy., Inc. v. Board of County Comm’rs of Broward County, 646 So.2d 215, 220 (Fla. 4th DCA 1994) (emphasis added); see also Forrest v. Citi Residential Lending, Inc., 73 So.3d *712 269, 275 (Fla. 2d DCA 2011) (“Our review of orders granting temporary injunctions is for abuse of discretion.”). Thus, our authority in this case is not to substitute our preferred judgment for the trial court, but to reverse only if the order granting a temporary injunction protecting innocent third parties’ trust funds was a clear abuse of discretion. The order here was not an abuse of discretion under the facts of this case, in my view; thus, this court should affirm the injunction.
In Brand v. Old Republic National Title Insurance Co., the trial court granted an ex parte temporary injunction “in pertinent part, to avoid potential misappropriation of escrow funds of innocent third parties.” 797 So.2d 643, 644 (Fla. 3d DCA 2001). Similarly, here, the trial court was faced with an emergency in which the property — trust funds belonging to Appel-lee’s clients — would have been seized by Appellant.
The trial court’s order is supported by an undisputed fact: the trust account “contained funds belonging to clients who are wholly unconnected to the controversy at issue.” (Emphasis added.) In addition, the trial court properly determined that it “is a matter of great public importance that client funds held in trust by an attorney should be protected under circumstances similar to those in the instant matter.”
What is particularly egregious here is that Appellant’s “employees ... acted negligently in effecting the wire transfer at issue, and that [Appellee] reasonably relied on representations from [Appellant’s] employees that the $289,500.00 check deposited by [Appellee] into [its] trust account on August 31st, 2010 had been cleared.” Thus, due to Appellant’s negligence, the trial court faced an emergency involving the risk of losing the property of innocent third parties. It is undisputed that Appellant’s employees informed Appellee that the money was available in the trust fund to effectuate the wire transfer, thus leading to the catastrophic loss of funds belonging to innocent third parties, Appel-lee’s clients.
Most importantly, the trial court found that these innocent third parties had no adequate remedy at law “in that those clients require immediate access to their funds in order to satisfy pending medical liens and other costs.” (Emphasis added.) Unlike a typical case in which monetary losses might not be considered a proper basis for injunctive relief, here, innocent third parties were involved who could not otherwise be adequately protected, as their need to access their property was immediate.
By reversing the trial court’s order granting a preliminary injunction, the majority opinion will allow financial institutions to disregard the rights of innocent third parties whose funds are held in trust. As it was Appellant which acted negligently, not Appellee’s innocent clients, it is the clients who should be protected until this matter is finally resolved — not Appellant.
I dissent from the majority opinion, which incorrectly reverses the trial court’s order granting the temporary injunction to protect Appellee’s clients’ trust funds.